IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 3:07-cv-00138-MHT-WC |
| | ) |
| MODERN WOODMAN OF | ) |
| AMERICA, et al., | ) |
| | ) |
|     Defendant. | ) |

BRIEF IN SUPPORT OF MOTION TO DISMISS
DEFENDANT DESIGNATED AS "MACON COUNTY SHERIFF DEPT."

A.    Introduction

    This action was commenced on February 14, 2007 by the filing of a complaint in the United States District Court for the Middle District of Alabama by plaintiff Alonzo Austin. In his complaint, Austin has alleged claims against numerous defendants, one of whom is designated as the "Macon County Sheriff Dept." The "Macon County Sheriff Dept." does not constitute a legal entity capable of being sued. In addition, the applicable statutes of limitation have long expired on any claim arising from the matters alleged in the complaint.

      B.      The "Macon County Sheriff Dept." is Not a Legally Sueable Entity.

In order to bring a maintainable claim in federal court under 42 U.S.C. § 1983, a plaintiff must assert a claim against an entity capable of being sued. "[C]apacity to be sued shall be determined by the law of the state in which the District Court is held . . ." Rule 17(b), Fed. R. Civ. P. The Alabama Supreme Court on three separate occasions has considered the issue of whether a "sheriff's department" constitutes a legal entity capable of being sued. The Supreme Court held in all three instances that a "sheriff's department" does not constitute a legally sueable entity. See Ex Parte Haralson, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."); King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) (". . . King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."); White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department.").

The Eleventh Circuit has reached the same result. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming dismissal of defendant designated as

"Jefferson County [Alabama] Sheriffs Department," and noting that "sheriffs departments . . . are not usually considered legal entities subject to suit"). See also Lawal v. Fowler, 196 Fed. Appx. 765 (11th Cir. 2006), 2006 WL 2640222, * 2 (affirming dismissal of defendant designated as "sheriffs department" citing Dean); Russell v. Mobile County Sheriff, No. Civ. A. 00-0410CBC, 2000 WL 1848470, at *2 (S.D. Ala., November 20, 2000) (". . . [A]n Alabama sheriff's department is not a legal entity that is subject to being sued. . . . ").

    C.    The § 1983 and State Law Claims Alleged Against the defendant designated in the complaint as "Macon County Sheriff Dept." are Barred by the Expiration of the Applicable Statutes of Limitation.

In addition to the fact that the plaintiff has not named a legally sueable entity by his designation of the "Macon County Sheriff Dept." as a defendant in this case, it further affirmatively appears from the face of the complaint that all possible claims arising from any involvment of the Macon County Sheriff Department in thee matters at issue in this case are time-barred by the expiration of the statutes of limitation applicable to the plaintiff's federal and state claims. In this regard, the "Macon County Sheriff Dept." adopts the argument contained at pp. 10-11 of the brief filed contemporaneously herewith by Macon County Probate Judge Alfonza Menefee in

support of that ground of his motion to dismiss directed to the defense of the expiration of the statutes of limitation.

### D.  Conclusion.

The motion to dismiss of the defendant designated as the "Macon County Sheriff Dept." is due to be granted. The designation of such an entity as a defendant does not constitute the naming of a legal entity capable of being sued. In addition, it appears from the face of the complaint that any matters involving the Macon County Sheriff Department occurred in 1993 and 1994 and, as such is the case, are barred by expiration of the statutes of limitation applicable to plaintiff's federal and state law claims.

s/ George W. Royer, Jr.  
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.  
P. O. Box 2087  
Huntsville, AL  35804  
Telephone:  256-535-1100

Attorneys for defendant designated as "Macon County Sheriff Dept."

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joe Espy, III
Melton, Espy & Williams, P.C.
P. O. Drawer 5130
Montgomery, Alabama 36103

I hereby certify that I have served a copy of the foregoing by depositing a copy of the same in the United States mail, postage prepaid and properly addressed to his attorney of record to:

Alonzo Austin
1321 Oliver-Carlis Rd.
Tuskegee, Alabama 36083

Modern Woodman of America
1701 1st Avenue
Rock Island, IL 16120

Howard F. Bryan
101 East Northside Street
Tuskegee, Alabama 36083

Deborah Hill Biggers
Tuskegee Institute
P. O. Box 1183
Tuskegee, Alabama 36087

Mason Manor
4120 Carmichael Road
Montgomery, Alabama 36106

City of Tuskegee Police Department
101 Fonville Street
Tuskegee, Alabama 36083

Montgomery City Police Department
320 N. Ripley Street
P. O. Box 159
Montgomery, Alabama 36101-0159

Robert Story
802 Crawford Street
Tuskegee, Alabama 36083

Alabama State Treasurer's Office
P. O. Box 302520
Montgomery, Alabama 36130-2520

Alabama State Board of Licensure
P. O. Box 887
Montgomery, Alabama 36101

Alabama Exchange Bank President
102 West Northside Street
Tuskegee, Alabama 36083

Robert Davis
102 West Northside Street
Tuskegee, Alabama 36083

SouthTrust Bank
307 N. Gay Street
Auburn, AL 36830-3915

Regions Bank
8 Commerce Street
Montgomery, Alabama 36104

Juanita K. Upshaw
P. O. Box 830265
Tuskegee, Alabama 36083

George Clay
1205 Main Street
Tuskegee, Alabama 36083

Aetna Insurance Co.
Tampa Business Center
P. O. Box 30257
Tampa, Florida 33620-3257

on this the 12th day of March, 2007.

s/ George W. Royer, Jr.
George W. Royer, Jr.