IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ALONZO AUSTIN, EXECUTOR FOR RUTH H. LEWIS ESTATE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MODERN WOODMEN OF AMERICA;** )<br>**PROBATE JUDGE, ALFONZO MENEFE;** )<br>**CIRCUIT JUDGE HOWARD F. BRYAN;** )<br>**ATTORNEY DEBORAH H. BIGGERS;** )<br>**ATTORNEY FRED GRAY, SR.; ATTORNEY** )<br>**NATHANSON; MASON MANOR; CITY OF** )<br>**TUSKEGEE POLICE DEPARTMENT;** )<br>**MACON COUNTY SHERIFF DEPARTMENT;** )<br>**MONTGOMERY CITY POLICY** )<br>**DEPARTMENT; DR. ROBERT STORY;** )<br>**ALABAMA STATE TREASURER'S OFFICE;** )<br>**ALABAMA STATE BOAR OF LICENSURE;** )<br>**ALABMAA EXCHANGE BANK PRESIDENT** )<br>**ROBERT DAVIS; SOUTHTRUST BANK AND** )<br>**ITS PRESIDENT; REGIONS BANK; JUANITA** )<br>**K. UPSHAW; GEORGE CLAY; AETNA** )<br>**INSURANCE COMPANY, ET AL.,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO. 3:07CV138-MHT**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT REGIONS BANKS' MOTION TO DISMISS**

Regions Bank ("Defendant" or "Regions"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss all of the claims filed by Alonzo Austin, executor of the estate of Ruth H. Lewis, ("Plaintiff") against Defendant or, in the alternative, moves under Rule 12(e) to require Plaintiff to file a more definite statement of his claims. In support of its Motion, Defendant shows as follows:

1550371

## I.
## INTRODUCTION

On or about February 20, 2007, Alonzo Austin, the executor of the estate of Ruth H. Lewis ("Lewis"), filed the above-styled cause of action against approximately twenty (20) named defendants, including Regions as well as numerous attorneys, judges, police and sheriff departments, and even several departments of the State of Alabama. (*See* Complaint, p. 1). Although it is extremely difficult to ascertain from the face of the complaint what Plaintiff is claiming or how he feels he has been injured, it appears that Plaintiff's complaint arises from various court orders and proceedings whereby Lewis was declared incompetent and placed in an institution, resulting in Plaintiff losing power of attorney over her, having to give up title to a vehicle conveyed to him by Lewis, and his being held in contempt and arrested for failing to follow court orders regarding the matter. (*See generally id*.). According to the face of Plaintiff's complaint, all of these alleged actions took place between March 1993 to February 1995. (*See id*.). As a result of these alleged actions, Plaintiff has filed suit against twenty (20) named defendants, including Regions Bank, for a violation of his Constitutional rights, a violation of his statutory Civil Rights, conspiracy to violate his Civil Rights, intentional infliction of emotional distress, malicious abuse of process, malicious arrest, and false imprisonment. (*See id*., ¶¶ 28-43).

Although Plaintiff's complaint is approximately sixteen (16) handwritten pages long with approximately forty-three (43) numerated paragraphs, the only time Defendant Regions Bank is mentioned in the entire complaint is in the style of the action on the first page of the complaint wherein Plaintiff simply lists the approximately twenty (20) defendants in this cause of action. (*See id*., p. 1). Plaintiff does not reference Regions when he outlines the parties; he does not reference Regions when he recites the facts in his "Facts" section (in paragraphs 10-27); and he

does not reference Regions when he discusses any of his seven (7) counts of alleged unlawful behavior (in paragraphs 28-43). (*See id.*, ¶¶ 7-43). Simply stated, Plaintiff's complaint literally fails to state any claim against Regions and falls well short of even the most liberal Rule 8, 9, and 12(b)(6) interpretations under the Federal Rules of Civil Procedure's notice pleading requirements. *See* FED. R. CIV. P. 8, 9, & 12(b)(6). Moreover, even if Plaintiff has sufficiently stated any claim against Defendant (which he most certainly has not), all of Plaintiff's claims are time-barred as they were not filed within the applicable statutes of limitations under Alabama law. As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of his claims under FED. R. CIV. P. 12(e).

## II.
## ARGUMENT

**A.   Plaintiff's Claims Are Due To Be Dismissed As Plaintiff Has Failed To State Any Claims Against Regions.**

A district court can dismiss a complaint for failure to state a claim solely on the pleadings when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002). The Federal Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *see also* FED. R. CIV. P. 8. "Pleadings must be more than an ingenious

academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001).

In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *See id.* at 1036 n.16. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). To survive a motion to dismiss, "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001) (dismissing complaint which lacked any allegations, inferential or otherwise, regarding an essential element of plaintiff's claims). The failure of a plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes improper "shotgun pleading." *Sledge v. Goodyear Dunlop Tires North America, Ltd.*, 275 F.3d 1014, 1018 (11th Cir. 2001). Moreover, generally whenever a plaintiff alleges a violation of Constitutional or Civil Rights, the Eleventh Circuit has imposed a heightened pleading requirement, wherein the plaintiff must allege the relevant facts with specificity in order to survive a motion to dismiss. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) ("In examining the factual allegations in the complaint, we must keep in mind the heightened pleading requirement for civil rights cases". . . "[t]he complaint must allege the relevant facts 'with some specificity.'"); *see also Pace v. Palmetto*, 2006 WL 2559513, *1 (M.D. Fla. 2006).

Plaintiff has clearly failed to provide Regions with factual allegations sufficient to allow Regions to frame a response to Plaintiff's complaint, much less provide any specificity as

required for his Constitutional and Civil Rights claims. In fact, Plaintiff has made no factual allegations with regards to Regions because, as previously stated, the only time Regions is even mentioned in the entire complaint is on the first page in the style of the case. Moreover, each of Plaintiff's paragraphs in the "Facts" section of his complaint allege specific individuals and entities and what conduct he/she/it did to allegedly harm him, and all of the allegations arise from various court orders and proceedings whereby Lewis was declared incompetent and placed in an institution, resulting in the Plaintiff losing power of attorney over her, having to give up title to a vehicle conveyed to him by Lewis, and his being held in contempt and arrested for failing to follow court orders regarding the matter. Regions has absolutely no idea as to how it was/is involved in any of these factual allegations, and therefore Regions is simply not able to frame a responsive pleading. As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of her claims under FED. R. CIV. P. 12(e).

> **B.  All of Plaintiff's Claims Are Time- Barred By The Applicable Statutes Of Limitations Under Alabama Law.**

From the sparse facts set forth in the complaint, one thing (maybe the only thing) is clear: Plaintiff's claims are time-barred under the applicable Alabama statutes of limitations.

Since Plaintiff's complaint is so vague and unclear that it leaves Regions to simply guess as to what causes of action Plaintiff asserts against Regions, this motion will simply address the statutes of limitations for each and every cause of action asserted in Plaintiff's complaint. In his complaint, Plaintiff asserts causes of action for violation of his Constitutional rights, violation of his statutory Civil Rights, conspiracy to violate his Civil Rights, intentional infliction of emotional distress, malicious abuse of process, malicious arrest, and false imprisonment. Moreover, all of the conduct in which Plaintiff alleges constituted these causes of action

occurred between March 3, 1993 and February 14, 1995. (*See generally* Complaint). Therefore, each and every act that Plaintiff alleges harmed him in any way occurred at the very least twelve (12) years ago.

Alabama Code §§ 6-2-30 to 6-2-41 provides the statutes of limitations applicable to Plaintiff's causes of action. ALA. CODE §§ 6-2-30 to 6-2-41 (West 2007). Due to the fact that all of the alleged conduct occurred over twelve (12) years ago and there are only three causes of action which could be timely brought as of February 20, 2007 (the date of Plaintiff's filing of this complaint), and Plaintiff's claims simply do not fall under any of these three causes of action. Alabama Code § 6-2-31 provides that there is no statute of limitations for actions brought by the state "for the recovery of any of the land mentioned in Section 6-6-281" or for actions brought by a county or municipal corporation for the recovery of its lands. ALA. CODE § 6-2-31. None of Plaintiff's causes of action in the current matter could possibly fall under this statute as all of his causes of action are brought by him individually. Lastly, there is a twenty-year statute of limitation for "actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States." ALA. CODE § 6-2-32. Although it does not appear that Plaintiff is bringing any cause of action that would fall under this statute either, even if he were, this type of cause of action is not applicable to Regions. The remaining statutes of limitations under Alabama law for various causes of action have a limit of ten (10) years or fewer. *See* ALA. CODE §§ 6-2-33 to 6-2-41. For example, Plaintiff's false imprisonment claim is subject to a six-year statute of limitations. *See* ALA. CODE § 6-2-34. Plaintiff's Civil Rights actions, including his conspiracy cause of action, is subject to a two-year statute of limitations. *See Trawinski v. United Technologies*, 313 F.3d 1295, 1298-99 (11th Cir. 2002); *Fullman v. Graddick*, 739 F.2d 553, 557-58 (11th Cir. 1984). Plaintiff's intentional infliction of emotional

distress claim is subject to a two-year statute of limitations. *Archie v. Enterprise Hospital and Nursing Home*, 508 So. 2d 693, 694-95 (Ala. 1987). Plaintiff's remaining claims would likewise probably fall under Alabama's two-year statute of limitations provision. *See* Ala. Code § 6-2-38. Therefore, as clearly established herein, even if Regions were able to decipher Plaintiff's complaint and this Court were to hold that Plaintiff sufficiently established a cause of action against Regions, all of Plaintiff's claims are time-barred under the applicable statutes of limitations under Alabama law.

      C.    **If This Court Is So Inclined To Deny Regions' Motion To Dismiss, This Court Should Order Plaintiff To Provide A More Definite Statement Of His Claims Under Fed. R. Civ. P. 12(e).**

If this Court does not dismiss the claims against Regions, Regions respectfully requests in the alternative, pursuant to FED. R. CIV. P. 12(e), that this Court order Plaintiff to re-plead and provide a more definite statement of any claims not dismissed. A party may move for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *See Bryne v. Nezhat,* 261 F.3d 1075, 1128-29 (11th Cir. 2001).

Regions cannot imagine another case wherein the complaint could be any more vague or ambiguous than the one currently before this Court, considering the fact that Regions is never mentioned in the entire substantive portion of the complaint. As such, before Defendant is required to respond to the conclusory allegations in the complaint, this Court should require Plaintiff to set forth, with greater particularity and detail, the actual claims that he is attempting to assert against Defendant.

### III.
### CONCLUSION

In the current matter, Plaintiff's complaint falls well short of the Federal Rules of Civil Procedure's notice pleading requirements one must meet in order to survive a motion to dismiss. *See* FED. R. CIV. P. 8, 9, & 12(b)(6).  Simply put, Plaintiff never refers to Regions in the entire substantive portion of his complaint and Defendant is unable to frame a responsive pleading, clearly indicating that Plaintiff can prove no set of facts to support a claim against Defendant which would entitle him to relief.  Moreover, even if Plaintiff had sufficiently stated any claim against Defendant, all of Plaintiff's claims are time-barred as they were not filed within the applicable statutes of limitations.  As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of his claims under FED. R. CIV. P. 12(e).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Regions Bank respectfully moves the Court to enter an order dismissing all Plaintiff's claims against Regions with prejudice.  In the alternative, Regions respectfully requests that this Court enter an order requiring Plaintiff to amend his complaint stating his claims with much more particularity.

**ORAL ARGUMENT REQUESTED.**

        */s/ Victor L. Hayslip*
        Victor L. Hayslip ASB-6132-H31V
        Jon H. Patterson ASB-4981-J69P
        Jason R. Bushby ASB-6349-S58B

        Attorneys for Defendant
        REGIONS BANK

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this the 13th day of March, 2007:

      Alonzo Austin
      1321 Oliver Carlis Road
      Tuskegee, AL  36083

      Aetna Insurance Co.
      Tampa Business Center
      P.O. Box 30257
      Tampa, FL 33620-3257

      Alabama Exchange Bank President
      102 West Northside Street
      Tuskegee, AL  36083

      Alabama State Board of Licensure
      P.O. Box 887
      Montgomery, AL  36101

      Alabama State Treasurer's Office
      P.O. Box 302520
      Montgomery, AL  36130-2520

      Deborah H. Biggers
      113 E. Northside Street
      Tuskegee, AL 36087

      Howard F. Bryan, Circuit Judge
      101 East Northside Street
      Tuskegee, AL  36083

      City of Tuskegee Police Department
      101 Fonville Street
      Tuskegee, AL  36083

      George Clay
      1205 Main Street
      Tuskegee, AL  36083

      Robert Davis
      102 West Northside Street
      Tuskegee, AL  36083

Fred Gray, Sr.
P.O. Box 830239
Tuskegee, AL  36083

George W. Royer, Jr.
Lanier Ford Shaver & Payne, PC
P.O. Box 2087
Huntsville, AL  35804-2087

Mason Manor
4120 Carmichael Road
Montgomery, AL  36106

Modern Woodman of America
1701 1st Avenue
Rock Island, IL  61201

Montgomery City Police Department
320 N Ripley Street
Montgomery, AL  36104

Joseph C. Espy, III
Melton Espy & Williams, PC
PO Drawer 5130
Montgomery, AL  36103-5130

Robert Story
802 Crawford Street
Tuskegee, AL  36083

Juanita K. Upshaw
P.O. Box 830265
Tuskegee, AL  36083

        /s/ Victor L. Hayslip
        OF COUNSEL