IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ALONZO AUSTIN, EXECUTOR FOR RUTH H. LEWIS ESTATE,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **MODERN WOODMEN OF AMERICA; PROBATE JUDGE, ALFONZO MENEFE; CIRCUIT JUDGE HOWARD F. BRYAN; ATTORNEY DEBORAH H. BIGGERS; ATTORNEY FRED GRAY, SR.; ATTORNEY NATHANSON; MASON MANOR; CITY OF TUSKEGEE POLICE DEPARTMENT; MACON COUNTY SHERIFF DEPARTMENT; MONTGOMERY CITY POLICY DEPARTMENT; DR. ROBERT STORY; ALABAMA STATE TREASURER'S OFFICE; ALABAMA STATE BOAR OF LICENSURE; ALABMAA EXCHANGE BANK PRESIDENT ROBERT DAVIS; SOUTHTRUST BANK AND ITS PRESIDENT; REGIONS BANK; JUANITA K. UPSHAW; GEORGE CLAY; AETNA INSURANCE COMPANY, ET AL.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 3:07CV138-MHT** **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) |

**DEFENDANT WACHOVIA BANKS' MOTION TO DISMISS**

Wachovia Bank, N.A., successor by reason of merger with SouthTrust Bank, ("Defendant" or "Wachovia"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss all of the claims filed by Alonzo Austin, executor of the estate of Ruth H. Lewis, ("Plaintiff") against Wachovia or, in the alternative, moves under Rule 12(e) to require Plaintiff to file a more definite statement of his claims. In support of its Motion, Defendant shows as follows:

**I.**

1550377

## INTRODUCTION

On or about February 20, 2007, Alonzo Austin, the executor of the estate of Ruth H. Lewis ("Lewis"), filed the above-styled cause of action against approximately twenty (20) named defendants, including Wachovia Bank and its president, as well as numerous attorneys, judges, police and sheriff departments, and even several departments of the State of Alabama. (*See* Complaint, p. 1). Although it is extremely difficult to ascertain from the face of the complaint what Plaintiff is claiming or how he feels he has been injured, it appears that Plaintiff's complaint arises from various court orders and proceedings whereby Lewis was declared incompetent and placed in an institution, resulting in Plaintiff losing power of attorney over her, having to give up title to a vehicle conveyed to him by Lewis, and his being held in contempt and arrested for failing to follow court orders regarding the matter. (*See generally id.*). According to the face of Plaintiff's complaint, all of these alleged actions took place between March 1993 to February 1995. (*See id.*). As a result of these alleged actions, Plaintiff has filed suit against twenty (20) named defendants, including Wachovia, for a violation of his Constitutional rights, a violation of his statutory Civil Rights, conspiracy to violate his Civil Rights, intentional infliction of emotional distress, malicious abuse of process, malicious arrest, and false imprisonment. (*See id.*, ¶¶ 28-43).

Although Plaintiff's complaint is approximately sixteen (16) handwritten pages long with approximately forty-three (43) numerated paragraphs, the only time Defendant Wachovia Bank is mentioned in the entire complaint, aside from in the style of the action on the first page of the complaint, is in paragraph 24 wherein Plaintiff states: "Principal Lewis died a horrible death as she was without agent, cousin and her possession and friends her estate was valued at over $250,000 which included 2 homes and approx. $150,000 in both Alabama Exchange Bank and *SouthTrust*. Monies were unlawfully taken under color of law." (*See id.*, ¶ 24) (emphasis

added).[1]  Defendant is unable to frame a responsive pleading in regards to these bare allegations, especially in light of the fact that this paragraph is not supported by any of the other allegations in the complaint but instead is simply a random paragraph which makes no sense in the context of the lawsuit.  As established herein, Plaintiff's allegations against Wachovia in his complaint literally fails to state any claim against Wachovia and falls well short of even the most liberal Rule 8, 9, and 12(b)(6) interpretations under the Federal Rules of Civil Procedure's notice pleading requirements.  *See* FED. R. CIV. P. 8, 9, & 12(b)(6).  Moreover, even if Plaintiff has sufficiently stated any claim against Wachovia (which he most certainly has not), all of Plaintiff's claims are time-barred as they were not filed within the applicable statutes of limitations under Alabama law.  As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of his claims under FED. R. CIV. P. 12(e).

## II.
## ARGUMENT

### A. Plaintiff's Claims Are Due To Be Dismissed As Plaintiff Has Failed To State Any Claims Against Wachovia.

A district court can dismiss a complaint for failure to state a claim solely on the pleadings when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002),

---

[1] It should be noted that Plaintiff actually has numbered two different paragraphs as paragraph number "24." The pertinent paragraph for purposes of this motion is the first paragraph that is labeled number "24."

*rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002). The Federal Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *see also* FED. R. CIV. P. 8. "Pleadings must be more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001).

In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *See id.* at 1036 n.16. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). To survive a motion to dismiss, "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001) (dismissing complaint which lacked any allegations, inferential or otherwise, regarding an essential element of plaintiff's claims). The failure of a plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes improper "shotgun pleading." *Sledge v. Goodyear Dunlop Tires North America, Ltd.*, 275 F.3d 1014, 1018 (11th Cir. 2001). Moreover, generally whenever a plaintiff alleges a violation of Constitutional or Civil Rights, the Eleventh Circuit has imposed a heightened pleading requirement, wherein the plaintiff must allege the relevant facts with specificity in order to survive a motion to dismiss. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) ("In examining the factual allegations in the complaint, we must keep in mind the heightened pleading requirement for civil rights cases". . .

"[t]he complaint must allege the relevant facts 'with some specificity.'"); *see also Pace v. Palmetto*, 2006 WL 2559513, *1 (M.D. Fla. 2006).

Plaintiff has clearly failed to provide Wachovia with factual allegations sufficient to allow Wachovia to frame a responsive pleading to Plaintiff's complaint, much less provide any specificity as required for his Constitutional and Civil Rights claims. As briefly stated above, Wachovia is only mentioned one time in the substantive portion of the entire complaint, and Wachovia is unable to determine from this bare allegation how Wachovia allegedly harmed Plaintiff in any way or violated in any way the law. Plaintiff's entire complaint appears to hinge around various court proceedings which declared Lewis incompetent, and ultimately resulted in Plaintiff losing power of attorney over her and losing title to a vehicle conveyed to him by Lewis. However, plaintiff's bare allegation against Wachovia in paragraph 24 does not seem to make sense in the context of this lawsuit, and Wachovia is only left to guess as to how it harmed Plaintiff. As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of her claims under FED. R. CIV. P. 12(e).

**B.    All of Plaintiff's Claims Are Time- Barred By The Applicable Statutes Of Limitations Under Alabama Law.**

From the sparse facts set forth in the complaint, one thing (maybe the only thing) is clear: Plaintiff's claims are time-barred under the applicable Alabama statutes of limitations.

Since Plaintiff's complaint is so vague and unclear that it leaves Wachovia to simply guess as to what causes of action Plaintiff asserts against Wachovia, this motion will simply address the statutes of limitations for each and every cause of action asserted in Plaintiff's complaint. In his complaint, Plaintiff asserts causes of action for violation of his Constitutional rights, violation of his statutory Civil Rights, conspiracy to violate his Civil Rights, intentional

infliction of emotional distress, malicious abuse of process, malicious arrest, and false imprisonment. Moreover, all of the conduct in which Plaintiff alleges constituted these causes of action occurred between March 3, 1993 and February 14, 1995. (*See generally* Complaint). Therefore, each and every act that Plaintiff alleges harmed him in any way occurred at the very least twelve (12) years ago.

Alabama Code §§ 6-2-30 to 6-2-41 provides the statutes of limitations applicable to Plaintiff's causes of action. ALA. CODE §§ 6-2-30 to 6-2-41 (West 2007). Due to the fact that all of the alleged conduct occurred over twelve (12) years ago and there are only three causes of action which could be timely brought as of February 20, 2007 (the date of Plaintiff's filing of this complaint), and Plaintiff's claims simply do not fall under any of these three causes of action. Alabama Code § 6-2-31 provides that there is no statute of limitations for actions brought by the state "for the recovery of any of the land mentioned in Section 6-6-281" or for actions brought by a county or municipal corporation for the recovery of its lands. ALA. CODE § 6-2-31. None of Plaintiff's causes of action in the current matter could possibly fall under this statute as all of his causes of action are brought by him individually. Lastly, there is a twenty-year statute of limitation for "actions upon a judgment or decree of any court of this state, of the United States or of any state or territory of the United States." ALA. CODE § 6-2-32. Although it does not appear that Plaintiff is bringing any cause of action that would fall under this statute either, even if he were, this type of cause of action is not applicable to Wachovia. The remaining statutes of limitations under Alabama law for various causes of action have a limit of ten (10) years or fewer. *See* ALA. CODE §§ 6-2-33 to 6-2-41. For example, Plaintiff's false imprisonment claim is subject to a six-year statute of limitations. *See* ALA. CODE § 6-2-34. Plaintiff's Civil Rights actions, including his conspiracy cause of action, is subject to a two-year statute of limitations.

*See Trawinski v. United Technologies*, 313 F.3d 1295, 1298-99 (11th Cir. 2002); *Fullman v. Graddick*, 739 F.2d 553, 557-58 (11th Cir. 1984). Plaintiff's intentional infliction of emotional distress claim is subject to a two-year statute of limitations. *Archie v. Enterprise Hospital and Nursing Home*, 508 So. 2d 693, 694-95 (Ala. 1987). Plaintiff's remaining claims would likewise probably fall under Alabama's two-year statute of limitations provision. *See* Ala. Code § 6-2-38. Therefore, as clearly established herein, even if Wachovia was able to decipher Plaintiff's complaint and this Court were to hold that Plaintiff sufficiently established a cause of action against Wachovia, all of Plaintiff's claims are time-barred under the applicable statutes of limitations under Alabama law.

      **C.    If This Court Is So Inclined To Deny Wachovia's Motion To Dismiss, This Court Should Order Plaintiff To Provide A More Definite Statement Of His Claims Under Fed. R. Civ. P. 12(e).**

If this Court does not dismiss the claims against Wachovia, Wachovia respectfully requests in the alternative, pursuant to FED. R. CIV. P. 12(e), that this Court order Plaintiff to re-plead and provide a more definite statement of any claims not dismissed. A party may move for a more definite statement if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *See Bryne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001).

As stated herein, Plaintiff's complaint as it relates to any alleged conduct by Wachovia or is so vague and ambiguous that it simply does not know how to frame a responsive pleading to Plaintiff's bare allegations. As such, before Defendant is required to respond to the conclusory allegations in the complaint, this Court should require Plaintiff to set forth, with greater particularity and detail, the actual claims that he is attempting to assert against Wachovia.

## III.
## CONCLUSION

In the current matter, Plaintiff's complaint falls well short of the Federal Rules of Civil Procedure's notice pleading requirements one must meet in order to survive a motion to dismiss. *See* FED. R. CIV. P. 8, 9, & 12(b)(6). Plaintiff only refers to Wachovia once in the entire substantive portion of his complaint and this reference simply makes no sense in the context of the lawsuit, thus clearly indicating that Plaintiff can prove no set of facts to support a claim against Wachovia which would entitle him to relief. Moreover, even if Plaintiff had sufficiently stated any claim against Wachovia, all of Plaintiff's claims are time-barred as they were not filed within the applicable statutes of limitations. As such, Plaintiff's complaint is due to be dismissed with prejudice under FED. R. CIV. P. 12(b)(6), or in the alternative, Plaintiff should be ordered to provide a more definite statement of his claims under FED. R. CIV. P. 12(e).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wachovia Bank, N.A. respectfully moves the Court to enter an order dismissing all Plaintiff's claims against Wachovia with prejudice. In the alternative, Wachovia respectfully requests that this Court enter an order requiring Plaintiff to amend his complaint stating his claims with much more particularity.

**ORAL ARGUMENT REQUESTED**

    */s/ Victor L. Hayslip*
Victor L. Hayslip ASB-6132-H31V
Jon H. Patterson ASB-4981-J69P
Jason R. Bushby ASB-6349-S58B

Attorneys for Defendant
WACHOVIA BANK

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail on this the 13th day of March, 2007:

>Alonzo Austin
>1321 Oliver Carlis Road
>Tuskegee, AL  36083
>
>Aetna Insurance Co.
>Tampa Business Center
>P.O. Box 30257
>Tampa, FL 33620-3257
>
>Alabama Exchange Bank President
>102 West Northside Street
>Tuskegee, AL  36083
>
>Alabama State Board of Licensure
>P.O. Box 887
>Montgomery, AL  36101
>
>Alabama State Treasurer's Office
>P.O. Box 302520
>Montgomery, AL  36130-2520
>
>Deborah H. Biggers
>113 E. Northside Street
>Tuskegee, AL 36087
>
>Howard F. Bryan, Circuit Judge
>101 East Northside Street
>Tuskegee, AL  36083
>
>City of Tuskegee Police Department
>101 Fonville Street
>Tuskegee, AL  36083

George Clay
1205 Main Street
Tuskegee, AL  36083

Robert Davis
102 West Northside Street
Tuskegee, AL  36083

Fred Gray, Sr.
P.O. Box 830239
Tuskegee, AL  36083

George W. Royer, Jr.
Lanier Ford Shaver & Payne, PC
P.O. Box 2087
Huntsville, AL  35804-2087

Mason Manor
4120 Carmichael Road
Montgomery, AL  36106

Modern Woodman of America
1701 1st Avenue
Rock Island, IL  61201

Montgomery City Police Department
320 N Ripley Street
Montgomery, AL  36104

Joseph C. Espy, III
Melton Espy & Williams, PC
PO Drawer 5130
Montgomery, AL  36103-5130

Robert Story
802 Crawford Street
Tuskegee, AL  36083

Juanita K. Upshaw
P.O. Box 830265
Tuskegee, AL  36083

                                          /s/ Victor L. Hayslip
                                          OF COUNSEL