**IN THE UNITED STATES DISTRICT COURTFOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALONZO AUSTIN, et al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 3:07cv138-MHT** |
| | ) | |
| **MODERN WOODMAN OF AMERICA,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANTS ALABAMA EXCHANGE BANK AND ROBERT L. DAVIS'
MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

COME now Alabama Exchange Bank and Robert L. Davis, individually, and in his capacity of President of Alabama Exchange Bank, Defendants in the above styled cases, by and through their Counsel of record, hereby move this Court to dismiss all claims asserted against them pursuant to Rule 12(b) and 12(b)(6) of the Federal Rules of Civil Procedure.  As grounds for said motion, the Defendants state the following:

1.      Plaintiff Alonzo Austin filed a five-count complaint against various defendants, including, Defendants Alabama Exchange Bank and Robert L. Davis, alleging:

    a)      Violation of Constitutional Rights.

    b)      Violation of Constitutional Rights.

    c)      Violation of statutory civil rights.

    d)      Conspiracy to violate civil rights.

    e)      Intentional infliction of emotional distress, malicious abuse of process

malicious arrest and intentional false imprisonment.

2.      Plaintiff's claims are based upon an alleged guardianship and conservatorship, which he claims to have had over Ruth H. Lewis in 1993 and 1994.

3.      Defendant Alabama Exchange Bank is a financial institution located in Macon County, Alabama, and its President is Robert L. Davis.

4.      Defendants are due to be dismissed for failure to state a claim upon which relief can be granted and all claims are barred by the applicable statute of limitations.

5.      Plaintiff's allegations against Defendants Alabama Exchange Bank and Robert L. Davis appear in paragraph 24 of the Plaintiff's complaint.

> Principal Lewis died a horrible death as she was without agent, cousin and her possession and friends, her estate was valued at over $250,000, which included two hoes and approximately $150,000, in both Alabama Exchange Bank and Southtrust.  Monies were unlawfully taken under color of law

6.      A motion to dismiss should be granted when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. Damper v. Peques, 362 So. 2d. 224 (Ala. 1978).  Dismissal is appropriate if allegations of complaint, even if taken as true would not support claim that would entitle Plaintiff to relief. *Blackwood v. Davis*, 613 So. 2d 886 (Ala. 1993).

7.      Plaintiff's claims are barred by the applicable statute of limitations.

8.      Counts 1, 2, 3, and 4 of the Plaintiff's complaint are based upon §42 USC 1983. The only statute of limitations applicable to  §1983 claim filed in court in Alabama, whether that court is a state court or a federal court is the two-year statute of limitations set out in §6-2-38(1) the Code of Alabama (1975).  See *Clothier v. Counseling*, Inc. 875, So. 2d 1198.

9.      Section 6-2-38 (1) Code of Alabama (1975) provides: A two-year limitations period for: "all actions for an injury to the person or rights of another not arising from contract and not specifically enumerated in this section."

2

10.     Plaintiff's claims based upon §1983 are due to be dismissed because this action was filed nearly fourteen (14) years after the alleged wrongful acts occurred.

11.     Plaintiff's claim for intentional infliction of emotional distress is barred by the §6-2-38(l), Code of Alabama (1975), which provides a two-year statute of limitation.  See *Archie v. Enterprise Hospital and Nursing Home*, 508 So. 2d 693 (Ala. 1987).

12.     Plaintiff's claim for abuse of process is barred by the two-year statute.  *Southtrust Bank v. Jones Morrison, Womack* P.C., 939 So. 2d 885 (Ala. Civ. App. 2005)

13.     Plaintiff's claim for false arrest and false imprisonment and barred by the six-year statute of limitation contained in the Code of Alabama (1975) §6-2-34(1).

14.     Plaintiff has failed to allege a cause of action against the Defendants.  Moreover, all claims are barred by the respective statute of limitations.

15.     Plaintiff's §1983 claims are due to be dismissed for failure to state a claim upon which relief can be granted.  In *CBV. Bobo*, 659 So. 2d 98 (Ala. 1995) the Supreme Court of Alabama discussed, at length §1983 claims.  To state a claim under §1983, the Plaintiff must allege facts constituting a deprivation of a constitutional right, under color of state law.  42 USC 1983.  To state a cause of action under §1983 for violation of the due process clause, Plaintiff must show that they have asserted a recognized "liberty and property" interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law.

16.     Private citizens and private entities are not state actors for the purpose of § 1983.  In *Harvey v. Harvey*, 949 F. 2d 1129 (11th Cir. 1992), the Court of Appeals held that a private mental hospital nor its employees would be considered state actors and could not be held liable under §1983 based upon any involuntary commitment of a person to a mental hospital.

17.     In the case at bar, Alabama Exchange Bank and its President Robert L. Davis are not state actors and therefore cannot be liable to Plaintiff for his claims under §1983.  Moreover, the Plaintiff has failed to articulate facts constituting a deprivation of his constitutional rights.

18.     All of Plaintiff's State claims are due to be dismissed.  Plaintiff's claims based on State law are due to be dismissed.  The allegations in Plaintiff's complaint do not state any facts against Defendants that would warrant any liability.  Plaintiff can prove no set of facts to support his claim.

19.     Plaintiff has not stated any recognizable cause of action against Defendant Alabama Exchange Bank and Robert L. Davis.

Wherefore, the Defendants request this Honorable Court to dismiss the complaint against the Defendants.

Respectfully submitted,


/s/ Stanley F. Gray                          .
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
   Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that I have served a true and correct copy of the foregoing instrument upon the following via U. S. Mail, postage prepaid, this the 12th day of March  2007:

Alonzo Austin
1321 Oliver Carlis Road
Tuskegee, Alabama  36083

                                  /s/ Stanley F. Gray               .
                                  **OF COUNSEL**