IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, EXECUTOR FOR RUTH H. LEWIS, ESTATE, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 3:07-cv-138-MHT |
| MODERN WOODMEN OF AMERICA; PROBATE JUDGE, ALFONZO MENEFEE; CIRCUIT JUDGE, HOWARD F. BRYAN; ATTORNEY DEBORAH H. BIGGERS; ATTORNEY FRED GRAY SR.; ATTORNEY NATHANSON; MASON MANOR; CITY OF TUSKEGEE POLICE DEPT.; MACON COUNTY SHERIFF DEPT.; MONTGOMERY CITY POLICE DEPT.; DR. ROBERT STORY; ALABAMA STATE TREASURER'S OFFICE; ALABAMA STATE BOARD OF LICENSURE; ALABAMA; ALABAMA EXCHANGE BANK; PRESIDENT ROBERT DAVIS; SOUTHTRUST BANK and its PRESIDENT; REGIONS BANK; JUANITA K. UPSHAW; GEORGE CLAY; AETNA INSURANCE CO., ET AL., ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

## **MOTION TO DISMISS**

COMES NOW Aetna Insurance Company of Connecticut ("AICC"), the unintended recipient of the summons issued to "Aetna Insurance Company," for the purpose of moving this Court to dismiss the Complaint under Fed. R. Civ. P. 12(b)(4), (5) & (6), and to clarify that AICC is not and should not be a defendant in this action. In the alternative, AICC moves under Fed. R. Civ. P. 12(e), for a more definite statement. In support of this motion, AICC states as follows:

**I.      Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(4) & (5)**

(1)     Defendant Aetna Insurance Company is not and has never been an entity affiliated with AICC.  Affidavit of Tarleton David Williams, Jr. ¶ 5 ("Williams Aff.") (Exhibit A hereto).  Yet, counsel for the Aetna affiliated group of companies eventually received a copy of the complaint filed in this case.  *Id.* ¶ 2, 10.  AICC files this Motion to Dismiss for the purpose of clarifying that it is not and should not be a defendant in this action, and that the Complaint is due to be dismissed on other grounds.

(2)     Neither AICC nor any Aetna-affiliated company is a defendant in this case.  *Id.* ¶12.  There is no Aetna entity with the name "Aetna Insurance Company."  *Id.* ¶ 4.  There is an Aetna entity with the name Aetna Insurance Company of Connecticut, *id.*, but it, AICC, is a Connecticut company, *id.* ¶ 8, its address is not the Florida address found on the return receipt filed with the Court for Defendant Aetna Insurance Company,  *id.*, it, AICC, was not incorporated until 1990, and it, AICC, was not qualified to do business in Alabama until 2001.  *Id*. ¶ 7.

(3)     Defendant Aetna Insurance Company was a company owned and/or otherwise affiliated with Connecticut General Life Insurance Company ("CIGNA") until 1989, when CIGNA transferred all its rights to the trade name "Aetna" to Aetna Life and Casualty Company, a predecessor in interest to Aetna Inc..  The Aetna affiliated group of companies never operated a business under the name "Aetna Insurance Co.," and never sold any products or services under that name. *Id*. ¶ 5-6.

(4) Plaintiff does not aver that he has obtained a waiver of service from Defendant Aetna Insurance Company. Therefore, Plaintiff was required to comply with Fed. R. Civ. P. 4(h) to serve Aetna Insurance Company with process. Rule 4(h) provides, in pertinent part:

> [S]ervice . . . shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), [i.e., pursuant to Alabama law,] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed. R. Civ. P. 4(h)(1).

(5) Alabama law allows service "[u]pon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation." Ala. R. Civ. P. 4(c)(6).

(6) There is a return receipt filed with this Court that purports to be addressed to Defendant Aetna at a P.O. Box in Tampa, Florida. The return receipt appears to be signed by "Richard Dermer," who is not and has never been an employee or agent of AICC, any company affiliated with AICC, and to AICC's knowledge, is not even an employee or agent of Defendant Aetna Insurance Company. Richard Dermer appears to be affiliated with a courier service unrelated to AICC, to any company affiliated with it, or even to Defendant Aetna Insurance Company. The return receipt indicates that Richard Dermer signed on behalf of a courier service, although part of the name of the company is obliterated.

(7) Tracking information from the website for the United States Postal Service (Williams Aff., Ex. 1) indicates that the package bearing article number "7004 1160 0003 5796 8612" (the number on the return receipt filed with this Court) was delivered on 2/26/07 to zip

code "33630," not to the zip code indicated on the filed return receipt for Defendant Aetna, which is "33620." Williams Aff. ¶ 11.

(8) It appears that courier Richard Dermer eventually delivered or mailed the summons and complaint to the post office box of Aetna Life Insurance Company ("ALIC") in Tampa, Florida, which is a company within the Aetna affiliated group of companies. The summons and complaint were stamped received by Gwen Garnett on March 2, 2007 (*see* Williams Aff. ¶ 10 & Ex. 2).

(9) "Rule 4(h)(1) does not provide for service of process upon corporations by mail as a matter of federal procedure." *Taylor v. Stanley* Works, 2002 WL 32058966, at *4 (E.D. Tenn. Jul. 16, 2002) (citing *Miles v. WTMX Radio* Network, 2002 WL 1359398 (N.D. Ill. June 20, 2002; *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286-87 (E.D.N.Y. 2000). "Plaintiffs are required to deliver the complaint and summons personally to a corporate officer or agent authorized to receive service on the corporation's behalf." *Id.* Gwen Garnett is an employee of ALIC, but not an officer, managing agent or any other type of agent authorized to accept service on behalf of ALIC or any other company in the Aetna affiliated group of companies. Williams Aff. ¶ 10. Therefore, even if the summons and complaint had been hand delivered to her, no effective service would have occurred.

(10) Courier Dermer's mailing of the summons and complaint was also ineffective as it was not certified. "Service of process cannot be effected under Rule 4(h)(1) merely by mailing a copy of the summons and complaint to the corporation where it can be received along with general mail by lower level employees who have no authority and responsibility for accepting service." *Id.* at *5. "Service of a federal lawsuit is a vitally important matter that is not entrusted to low level employees who may not know what action must be promptly taken to defend and

protect the corporation's legal interests." *Id.* The reason for this rule could not be clearer than here, where the summons and complaint were sent to ALIC's post office box, received on March 2, 2007, with ALIC's general mail, and not forwarded to counsel for Aetna affiliated group of companies for almost two weeks. Williams Aff. ¶ 10.

(11)   The only type of service by mail allowed under Alabama law is by certified mail to a defendant's usual place of business.  Ala. R. Civ. P. 4(c)(6).  The plaintiff's certified mail was sent to a courier, not to ALIC, and the courier did not mail the summons and complaint by certified mail. Therefore, service was not appropriate under Alabama law.  In any event, the Complaint was eventually forwarded to counsel for the Aetna affiliated group of companies. Williams Aff. ¶ 10.

(12)   It appears, therefore, that the plaintiff had the summons and complaint delivered to a courier for delivery to a post office box of a company that was not a defendant in this case.

(13)   Although the Complaint in this action was eventually delivered by courier Richard Dermer to ALIC, and eventually forwarded to counsel for the Aetna affiliated group of companies, neither AICC nor any other Aetna-affiliated company is named or referenced in the Complaint.  Williams Aff. ¶ 12.

(14)   No one employed by or affiliated with AICC or any of its affiliated companies has the authority to accept service on behalf of the Defendant Aetna Insurance Company.  Williams Aff. ¶ 13.

(15)   Richard Dermer has no authority to accept service on behalf of AICC or any of the Aetna affiliated group of companies.  Williams Aff. ¶ 14.

(16)   Therefore, plaintiff did not deliver a copy of the summons and complaint to Defendant Aetna Insurance Company or to an agent of Defendant Aetna Insurance Company,

and did not send a copy by certified mail to Defendant Aetna Insurance Company's usual place of business. Therefore, plaintiff has made no valid attempt to serve Defendant Aetna Insurance Company.

(17) Even if plaintiff had intended that AICC be a defendant in this case (which is in no way indicated from the Complaint or circumstances surrounding its filing), plaintiff did not deliver a copy of the summons and complaint to AICC or to an agent of AICC, and did not send a copy by certified mail to AICC's usual place of business. Therefore, even if plaintiff later claimed that he intended that AICC be a defendant in this case, he has made no valid attempt to serve AICC.

(18) The process and service thereof was defective and not in compliance with Fed. R. Civ. P. 4. Therefore, pursuant to Fed. R. Civ. P. 12(b)(4) & (5), Plaintiffs' Complaint against Defendant Aetna should be dismissed.

(19) If the Court is not inclined to dismiss the Complaint *in toto* on this basis, AICC respectfully requests that the Court enter an Order clarifying that neither AICC nor any other of the Aetna affiliated group of companies is a party to this action, as they are in no way affiliated with Defendant Aetna Insurance Company.

**II.     Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)**

    **A.     Literally No Claim is Stated by Plaintiff Against Defendant Aetna Insurance Company**

(20) Defendant Aetna Insurance Company is listed in the style of the Plaintiffs' Complaint, but not otherwise referenced. There are no allegations, factual or legal, in the Complaint against Defendant Aetna Insurance Company. There is therefore literally no claim stated against Defendant Aetna Insurance Company, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

(21)     To avoid repetition, AICC adopts and incorporates by reference herein the legal authorities cited and arguments made in the Motion to Dismiss filed by Defendant Regions Bank, Dkt. 32, at 3-5 (filed 3/13/07), which was similarly listed in the style of the Complaint, but not otherwise referenced in any allegation of the Complaint.

### B.     Statute of Limitations Has Expired

(22)     While it is wholly unclear what Plaintiff is claiming occurred over 10 years ago, or how it is that he was harmed, it is quite clear from the face of the Complaint that the statute of limitations has expired for any federal or state claims that Plaintiff may be bringing or could bring. Therefore, Plaintiffs' claims are facially time-barred and fail to state a claim upon which relief can be granted. The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

(23)     To avoid repetition, AICC adopts and incorporates by reference herein the legal authorities cited and arguments made in the motions to dismiss of other defendants addressing the expiration of the statue of limitations of all Plaintiffs' claims. *See* Brief in Support of Motion to Dismiss of Macon County Probate Judge Alfonza Menefee, Dkt. 28, at 10-11 (filed 3/12/07); Defendant Regions Bank's Motion to Dismiss, Dkt. 32, at 5-7 (filed 3/13/07); Defendant Wachovia Bank's Motion to Dismiss, Dkt. 33, at 5-7 (filed 3/13/07); Defendants Alabama Exchange Bank and Robert L. Davis' Motion to Dismiss and Memorandum of Law in Support Thereof, Dkt. 34, at ¶¶ 7-14 (filed 3/13/07).

### III.    In the Alternative, Court Should Require a More Definite Statement

(24)     Plaintiffs' Complaint is so vague and ambiguous that AICC cannot ascertain any claim being made against Defendant Aetna Insurance Company or AICC (or any of the Aetna affiliated group of companies), or even determine what claims Plaintiff is making against other Defendants. In the event that the Court denies AICC's Motion to Dismiss in whole or in part,

AICC respectfully requests that the Court require Plaintiff to provide a more definite statement of his claims before AICC is required to answer.

(25)   To avoid repetition, AICC adopts and incorporates by reference herein, the legal authorities cited and arguments made in the motions to dismiss of other defendants requesting a more definite statement if the Court does not grant their motions to dismiss. *See* Defendant Regions Bank's Motion to Dismiss, Dkt. 32, at 7 (filed 3/13/07); Defendant Wachovia Bank's Motion to Dismiss, Dkt. 33, at 7 (filed 3/13/07).

Respectfully submitted,

March 21, 2007

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
Slate Kennedy LLC
Colonial Financial Center
One Commerce Street, Suite 850
Montgomery, Alabama  36104
Telephone:    (334) 262-3300
Facsimile:    (334) 262-3301

Counsel to Aetna Insurance Company of Connecticut

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 21, 2007, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

Charles D. Stewart, Esquire
cds@spain-gillon.com
Spain & Gillon, L.L.C.
2117 Second Avenue, North
The Zinszer Building
Birmingham, AL  35203
**Counsel to Modern Woodmen**
**of America**

George W. Royer, Jr., Esquire
gwr@lfsp.com
Lanier Ford Shaver & Payne PC
P.O. Box 2087
Huntsville, AL  35804-2087
**Counsel to Alfonza Menefee &**
**Macon County Sheriff's Department**

Joseph C. Espy, III, Esquire
jespy@mewlegal.com
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL  36103-5130
**Counsel to Fred Gray, Sr. &**
**Attorney Nathanson**

Kimberly Owen Fehl, Esquire
kfehl@ci.montgomery.al.us
City of Montgomery
P.O. Box 1111
Montgomery, AL  36101-0111
**Counsel to Montgomery City**
**Police Department**

John Michael Manasco, Esquire
Mike.Manasco@treasury.alabama.gov
State of Alabama Treasury
P.O. Box 302510
State Capitol Building
600 Dexter Avenue Room S-106
Montgomery, AL  36130
**Counsel to Alabama State**
**Treasurer's Office**

Stanley Fitzgerald Gray, Esquire
sgray@glsmgn.com
Gray Langford Sapp McGowan Gray &
Nathanson
P.O. Box 830239
Tuskegee, AL  36083-0239
**Counsel to Alabama Exchange Bank**
**President**
**& Robert Davis**

Jason Robert Bushby, Esquire
jbushby@burr.com
Jon Howard Patterson, Esquire
Victor L. Hayslip, Esquire
vhayslip@burr.com
Burr & Forman LLP
420 North 20th Street, Suite 3100
Birmingham, AL  35203
**Counsel to SouthTrust Bank,**
**SouthTrust Bank Presiden**
**& Regions Bank**

In addition, I hereby certify that notification of such filing has this date been served on the following by placing same in the U.S. Mail, postage prepaid and properly addressed to:

| | |
|---|---|
| Alonzo Austin<br>1321 Oliver-Carlis Rd.<br>Tuskegee, AL  36083 | Robert Story<br>802 Crawford Street<br>Tuskegee, AL  36083 |
| Howard F. Bryan<br>101 East Norhtside Street<br>Tuskegee, AL  36083 | Alabama State Board of Licensure<br>P.O. Box 887<br>Montgomery, AL  36101 |
| Mason Manor<br>4120 Carmichael Road<br>Montgomery, AL  36106 | Juanita K. Upshaw<br>P.O. Box 830265<br>Tuskegee, AL  36083 |
| City of Tuskegee Police Department<br>101 Fonville Street<br>Tuskegee, AL  36083 | George Clay<br>1205 Main Street<br>Tuskegee, AL  36083 |

| | |
|---|---|
| March 21, 2007 | /s/ Pamela B. Slate_____<br>Pamela B. Slate (ASB-8938-A43P)<br>pslate@slatekennedy.com<br>Slate Kennedy LLC<br>Colonial Financial Center<br>One Commerce Street, Suite 850<br>Montgomery, Alabama  36104<br>Telephone:   (334) 262-3300<br>Facsimile:    (334) 262-3301<br><br>Counsel to Aetna Insurance Company of Connecticut |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, EXECUTOR FOR RUTH H. LEWIS, ESTATE,<br><br>Plaintiff,<br><br>vs.<br><br>MODERN WOODMEN OF AMERICA; ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:07-cv-138-MHT<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF TARLETON DAVID WILILIAMS, JR.

STATE OF PENNSYLVANIA   )
                          ) ss:
COUNTY OF MONTGOMERY   )

PERSONALLY appeared before me, the undersigned authority in and for said State and county, TARLETON DAVID WILLIAMS, JR., who having been duly sworn by me, on oath deposes and says:

1. I am an adult resident of Pennsylvania, have personal knowledge of and am competent to testify to the facts stated herein.

2. I have been employed as Counsel on behalf of the Aetna affiliated group of companies ("Aetna") since 1998.

3. I have reviewed the Complaint filed by the plaintiff in the above-styled action, and have reviewed a copy of the "purported" certified mail return receipt card filed in this action and bearing the following name and address: Aetna Insurance Company, Tampa Business Center, P.O. Box 30257, Tampa, FL 33620-3257. The return receipt appears to be signed by a "Richard Dermer."

4.  There is no Aetna entity with the name "Aetna Insurance Co."; however, there is an Aetna entity with the name Aetna Insurance Company of Connecticut ("AICC").

5.  AICC has never been affiliated with a company operating as "Aetna Insurance Co." "Aetna Insurance Co." was the name of a company owned by the Connecticut General Life Insurance Company (a/ka/ CIGNA) until 1989.

6.  In 1989, Aetna obtained from CIGNA CIGNA's rights to use the "Aetna" name. However, Aetna never operated a business under the name "Aetna Insurance Co." and never sold any products or services under that name.

7.  Further, AICC was not incorporated until 1990 and was not qualified to do business in the state of Alabama until 2001. However, even then, AICC did not sell life insurance products; rather, it sold stop-loss coverage to self-funded employer health benefits plans.

8.  AICC is a Connecticut company and has no office with a mailing address of "P.O. Box 30257, Tampa, FL 33620-3257," and this address does not belong to CIGNA.

9.  However, Aetna Life Insurance Company ("ALIC") does have an office with a mailing address of "P.O. Box 30257, Tampa, FL 33620-3257."

10. "Richard Dermer" is not an employee or agent of AICC or any Aetna company Richard Dermer seems to be affiliated with a courier service unrelated to AICC or any of its affiliated companies. The return receipt indicates that Richard Dermer signed on behalf of a courier service, although part of the name of the company is obliterated. It appears that courier Richard Dermer eventually delivered the summons and complaint to ALIC in Tampa, Florida, which is a company within the Aetna affiliated group of companies. The summons and complaint were received from the post office box of ALIC with other general mail by Gwen

Garnett, an employee of ALIC not authorized to accept service on behalf of ALIC or any other company in the Aetna affiliated group of companies, on March 2, 2007. (*See* Summons attached hereto as Exhibit 2). The Complaint was forwarded to me about a week later.

11. Using the article number for the return receipt card filed in this case, I was able to review the tracking information through the website for the United States Postal Service (see attached Exhibit 1 hereto). The tracking information indicates that the package bearing article number "7004 1160 0003 5796 8612" was delivered on 2/26/07 to zip code "33630," not to the zip code indicated on the filed return receipt for "Aetna Insurance Company," which is "33620."

12. Although the Complaint in this action was eventually forwarded to me, neither AICC nor any other Aetna-affiliated company is named or referenced in the Complaint.

13. No one employed by or affiliated with AICC or any of its affiliated companies has the authority to accept service on behalf of Defendant Aetna Insurance Company.

14. Richard Dermer has no authority to accept service on behalf of AICC or any of its affiliated companies.

15. The facts stated herein are true and correct to the best of my knowledge, information and belief.

_____
TARLETON DAVID WILLIAMS, JR.

I, Pamela L. Davis, in and for said County and State, hereby certify that TARLETON DAVID WILLIAMS, JR., whose name is signed to the foregoing and who is known to me, acknowledged before me this day, that being informed of the contents thereof, voluntarily executed the same on the day of its date.

Given under my hand and seal this the 21st day of March, 2007.

Notary Public: *Pamela L Davis*

My commission Expires: _____

> **COMMONWEALTH OF PENNSYLVANIA**
> NOTARIAL SEAL
> PAMELA L. DAVIS, Notary Public
> Whitpain Twp., Montgomery County
> My Commission Expires May 6, 2010

4

**EXHIBIT 1**

 Home | Help | Sign in

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7004 1160 0003 5796 8612**
Detailed Results:
- Delivered, February 26, 2007, 7:50 am, TAMPA, FL 33630
- Notice Left, February 25, 2007, 4:58 am, TAMPA, FL 33630

(< Back)    (Return to USPS.com Home >)

**Track & Confirm**
Enter Label/Receipt Number.

(Go >)

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. (Go >)



POSTAL INSPECTORS   site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust   Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use   Privacy Policy

**EXHIBIT 2**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ MIDDLE _____ District of _____ ALABAMA _____

ALONZO AUSTIN, Executor
Plaintiff,
v.

MODERN WOODMEN OF AMERICA
ET. AL.
Defendants,

SUMMONS IN A CIVIL ACTION

CASE NUMBER: 3:07-CV-138-MHT

TO: (Name and address of Defendant)

Aetna Insurance Co.
Tampa Business Center
P.O. Box 30257
Tampa, FL. 33630-3257

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Alonzo Austin, Pro Se
1321 Oliver-Curtis Rd.
Tuskegee, AL. 36083

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Debra P. Hackett

CLERK
(By) DEPUTY CLERK

Gwen Garnett
MAR 02 2007

DATE 2/22/07

3/2/07 to Tampa / Certified mail