IN THE UNITD STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN, EXECUTOR, )
       Plaintiff, )
 )
 )
v. )
 ) Case No.: 3:07-cv-00138-MHT-WC
MODERN WOODMAN OF AMERICA; et al., )
 )
       Defendant )

### AFFIDAVIT OF CHAD WRIGHT

STATE OF ALABAMA    )
MONTGOMERY COUNTY   )

    Before me, the undersigned authority in and for said county in said state, personally appeared Chad Wright, who, being known by me and first duly sworn and placed under oath, deposes and says as follows:

    1.    On October 27, 2005 our office received the unclaimed property report for Modern Woodmen of America dated October 19, 2005. The filing submitted was for the report period ending June 30, 2005. The total amount of the report received was $23,136.45. Of that amount, $21,280.21 was reported in the name of Alonzo Austin.

Alabama Treasurer's Office EX. 1

2. The following relevant facts regarding Mr. Austin's assets were also included in the report:

- Reported Address: 1321 Oliver-Carlis Road Tuskegee AL 36083
- Account number: 6737108
- Relation Code: BF (Beneficiary)
- The remaining $1,856.24 was reported in the following manner:
- $1258.10 was reported with an owner in the name of The Estate of Harold Lowe.
- $1.15 was reported as an aggregate amount that included 1 dividend check
- $596.99 was reported as an aggregate amount that included 52 separate premium refunds

2. In February 2006, Mr. Austin contacted me to inquire about the funds that the State of Alabama was holding in his name. I informed him about the property and about the procedures he would need to take in order to re-claim the funds. He stated that he did not want us to send him a claim form, as he would not be filing for the funds. On February 15, 2006 Mr. Austin contacted me again by phone. We had virtually the same conversation as the first time and he again told me that he was not interested in filing a claim.

3. Subsequently, Mr. Austin faxed a letter stating "I, Alonzo Austin have been effectively barred from asserting my rights under the agreement in question as some one else have laid claim to said proceeds". I received the fax and called Mr. Austin to again let him know that we were holding the funds and that no one else had filed a claim against the assets being held.

4. I did not hear from Mr. Austin again until February 2, 2007 when he contacted me by phone. We again had virtually the same conversation in which I explained the process

for filing a claim. He again stated that he had no intention of filing a claim to receive the money. Later that morning, Mr. Austin sent a second fax indicating "Notice: 2nd and final (the states unlawful holding of property)". This fax also spoke of actions taken in 1993 regarding a durable power of attorney and a forged vehicle title. Neither the unclaimed property division nor the State Treasurer's office have any knowledge or involvement with any of the items presented in the second fax.

5.  On February 22, 2007 I sent Mr. Austin a claim form and specific instructions for filing the claim. As of March 21, 2007, I have not received anything from him or had any additional contact with him

THE AFFIANT SAYS NOTHING FURTHER.

_____
Chad Wright, Assistant Director
Unclaimed Property Division

STATE OF ALABAMA)
MONTGOMERY COUNTY)

I, the undersigned, a Notary Public in for said County and in said State, hereby certify that Chad Wright, whose name is signed to the foregoing affidavit, and who is known to me, acknowledged before me on this day, that being informed of and having read, the contents of this affidavit, executed the same voluntarily and that the statements herein are true and correct to the best of his information, knowledge and belief.

Given under my hand and official seal this the 23TH day of March, 2007.

_____
Notary Public
My commission expires: 3-19-11

[SEAL]



Alabama Treasurer's Office EX. 2





**Magnolia Haven Nursing Home**

603 Wright Street
Tuskegee, Alabama 36083

## Fax Transmittal Form

To: Kay Ivey

From: ALONZO AUSTIN

Phone: 334-727-4960
Fax: 334-727-2159

10:25 AM

Re: _____

Date: 2/15/06

Fax number: _____

Number of pages including cover page: 2

☐ Urgent
☐ For Review
☐ Please Comment
☐ Please Reply

Message:

"This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via U.S. Postal Service. Thank you."

Alabama Treasurer's Office EX. 4

February 15, 2006
Ruth H. Lewis CERTIFICATE #6737108
c/o Alonzo Austin Fax #(334) 727-2159
1321 Oliver-Carlis Rd.
Tuskegee, AL. 36083

To: Kay Ivey
Treasure, State of Alabama
Unclaimed Property Division
P.O. Box 302520
Montgomery, AL. 36130-2520
Fax #(334) 242-9620

Dear Ms. Ivey:
Re: (Claimed Property Certificate #6737108)

Please Note: I, Alonzo Austin have been effectively barred from asserting my rights under the agreement in question as some one else have laid claim to said proceeds. It also appears that the party or parties may have turned in the said certificate in question in an attempt to collect said monies illegally which in my opinion give rise to a Federal Grand Jury Investigation. Won't you join me in this endeavor as this is a federal civil rights issue between States.

Respectfully, Alonzo Austin

# BHS
## Magnolia Haven Nursing Home

603 Wright Street
Tuskegee, Alabama 36083

1 of 2

## Fax Transmittal Form

To: Kay Ivey, Alabama State Treasurer

From: Alonzo Austin, Executor, (Ruth A. Lewis's estate)

Phone: 334-727-4960
Fax: 334-727-2159

Re: Certificate # 6737108

Date: February 2, 2007

Fax number: (334) 242-9620

Number of pages including cover page: 2

☒ Urgent
☐ For Review
☐ Please Comment
☐ Please Reply

Message: Notice: 2nd and final (the states Unlawful Holding of Property) Please Cite: Statue that Gives you the Authority to take this Unlawful action against us as Alabama and United States Citizens!! (Removing this Annuity) and transferring same to your account. as Unclaimed Funds!!! / Respectfully Submitted.

Thanks,
Alonzo Austin

"This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via U.S. Postal Service. Thank you."

Alabama Treasurer's Office EX. 5

February 2, 2007
Ruth H. Lewis, Certificate #6737108
C/O Alonzo Austin, (Agent in Life)(Executor)
1321 Oliver-Carlis Rd.
Tuskegee, Al. 36083, Fax #(334) 727-2159

To: Kay Ivey:
Treasurer, State of Alabama
Unclaimed Property Division
P.O. Box 302520
Montgomery, Al. 36130-2520
Fax # (334) 242-9620

Dear Ms. Ivey:
Re: (Claimed Funds or property Certificate #6737108)
(Unlawfully Accepted From Woodsman of America)
(Via U.S. Mail or the wire Service!!!

You're on Notice for the Second and final time that your actions taken with respect to this Matter is (Under the Color of Law), just like the action taken in the other years Prior. Meaning 1993, where Record reflects the State voided Ms. Lewis, "Durable General Power of Attorney" and in, 1994, the State again forged a Vehicle Title to gain access and ownership of a Vehicle and in 1995, Unlawfully converted all Ms. Lewis's Property including the Certificate in question — Alonzo Austin




# STATE OF ALABAMA
## OFFICE OF STATE TREASURER

KAY IVEY
TREASURER

DARIA S. STORY
Assistant Treasurer

ANTHONY LEIGH
Deputy Treasurer

February 22, 2007

Mr. Alonzo Austin
1321 Oliver Carlis Road
Tuskegee, Alabama 36130

RE: Alabama Unclaimed Property ID 2461704

Mr. Austin:

I am responding to your fax to our office dated February 2, 2007. As we have discussed in past conversations, it appears that the State of Alabama may be holding assets belonging to you. However, in those conversations, you have indicated that you are not interested in filing a claim with our office. In order for you to claim these assets, it will be necessary for you complete a claim form and provide the necessary supporting documentation to our office in order to receive payment for these funds. With this letter, I have enclosed the forms necessary for you to submit your claim. In order to successfully complete the claims process, I must receive the following information from you:

1. Signed & notarized claim form
2. A photocopy of your driver's license, state issued non-drivers identification, or other government issued photo identification
3. Proof that you lived or received mail at the reported address of 1321 Oliver Carlis Road, Tuskegee AL 36083. Proof may include copies of utility bills, credit reports, bank statements, cancelled checks, auto registration, tax records, voter registration, etc)

If you have questions or need additional information regarding the property being held or the process for filing a claim, please do not hesitate to contact me at (334) 353-3626.

Sincerely,

Chad Wright
Assistant Director
Unclaimed Property Division

LOCATION: State Capitol • 600 Dexter Avenue S 106 • M
MAILING ADDRESS: Post Office Box 302510 • Montgom— **Alabama Treasurer's Office EX. 6**
PHONE: 334•242•7500   FAX: 334•242•7592   WEBSITE

IN THE UNITD STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, EXECUTOR,<br>       Plaintiff,<br><br>v.<br><br>MODERN WOODMAN OF AMERICA;<br>PROBATE JUDGE AKFIBZI MENEFEE;<br>CIRCUIT JUDGE HOWARD F. BRYAN;<br>ATTORNEY DEBORAH H. BIGGERS;<br>ATTORNEY FRED GRAY, SR.; ATTORNEY<br>NATHANSON; MASON MANOR; CITY OF<br>TUSKEGEE POLICE DEPARTMENT;<br>MONTGOMERY CITY POLICE<br>DEPARTMENT; DR. ROBERT STORY;<br>ALABAMA STATE TREASURER'S OFFICE;<br>ALABAMA STATE BOARD OF LICENSURE;<br>ALABAMA EXCHANGE BANK PRESIDENT<br>ROBERT DAVIS; SOUTHTRUST BANK AND<br>ITS PRESIDENT; REGIONS BANK; JUANITA<br>K. UPSHAW; GEORGE CLAY; AETNA<br>INSURANCE COMPANY, et al.,<br><br>       Defendant | Case No.: 3:07-cv-00138-MHT |

DEFENDANT ALABAMA STATE TREASURER'S OFFICE MOTION TO DISMISS

Alabama State Treasurer's Office ("Defendant" or "Alabama Treasury"), pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure hereby moves to dismiss all o the claims filed by Alonzo Austin, executor of the estate of Ruth H. Lewis, ("Plaintiff") against Alabama Treasury or, in the alternative, moves under Rule 12(e) to require Plaintiff to file a

more definite statement of his claims. In support of this motion the Alabama Treasury shows as follows:

1.     The complaint fails to state a claim against Alabama Treasury upon which relief may be granted.

2.     Although the complaint is 16 handwritten pages containing 43 numerated paragraphs, the only time defendant Alabama Treasury is mentioned in the entire complaint is in the style of the case and in paragraph numbered 26 where it is alleged that Modern Woodman of American transferred insurance proceed to the "Treasurer's Office of the State of Alabama under color of law to be place(d) under the Unclaim(ed) Act of Alabama, subject to its laws." Thereafter, paragraph 26 states this was done on 2/143/05 and alleges various attendant violations to plaintiff's rights under various theories to support his claim for damages in paragraph 1 of the complaint.

3.     The Plaintiff makes no specific allegations against the Alabama Treasury.

4.     Plaintiff's claims for damages are barred by the Constitution of Alabama. Article I, § 14 of the Alabama Constitution of 1901, states that "the state of Alabama shall never be made a defendant in any court of law or equity." According to this section, the State and its agencies are absolutely immune from suit in any court. *Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992); *Alabama State Docks v. Saxon*, 631 So. 2d 943 (Ala. 1994). Officers and employees of the State are also immune from suit when the action is in effect one against the State. *Mitchell*, 598 So. 2d at 806. An action against the State is one in which "a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiff's recovery of money from the state." *Vaughan v. Sibley*, 709 So. 2d

482, 484 (Ala. Civ. App. 1997) (quoting *Shoals Community College v. Colagross*, 674 So. 2d 1311, 1314 (Ala. Civ. App. 1995)). In determining whether the action is in effect one against the State, the court should consider factors such as the nature of the action and the relief sought. *Vaughan*, 709 So. 2d at 484-85. When a suit is one for damages, a result favorable to the plaintiff would directly affect a contract or property right of the State. *Id.*

5. The Eleventh Amendment to the United States Constitution also bars Plaintiff's claims for relief. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan,* 415 U.S. at 663, 94 S. Ct. at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment also prohibits a suit against state officials and employees where the State is the real, substantial party in interest. *See* <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999). This suit against defendant Alabama State Treasurer's Office is in reality a suit against the State. Thus, the Alabama State Treasurer's Office is absolutely immune from damages liability.

6. Defendant Alabama Treasury administers the Alabama Uniform Disposition of Unclaimed Property Act pursuant to §§35-12-70 through 35-12-96, Code of Alabama. Under § 35-12-76 (a) " A holder of property presumed abandoned shall upon make a report to the Treasurer concerning the property[.]"  Thereafter § 35-12-77(a) provides "[u]pon filing the report required in section 35-12-76, the holder of property presumed abandoned shall pay, deliver, or cause to be paid or delivered to the Treasurer, the property described as unclaimed, [.]"  Under § 35-12-79 (b) "Upon payment or delivery of property to the Treasurer, the state assumes custody and responsibility for the safekeeping of the property." The Treasurer has responsibilities for notification of abandoned property.  § 35-12-78 (a) "It is specifically recognized that the state has an obligation to make an effort to notify apparent owners of abandoned property is a cost effective manner.  Apparent owners have the right to file a claim to recover the abandoned property under § 35-12-83.  Apparent owners are provided a statutory remedy under § 35-12-85 that provides, "A person aggrieved by a decision of the Treasurer or shoes claim has not been acted upon within 120 days after its filing may maintain an original action to establish the claim in the Circuit Court of Montgomery County, Alabama naming the Treasurer as a defendant[.]"

7. In accord with the aforementioned Alabama Uniform Disposition of Unclaimed Property Act (hereinafter the "UCP Act") defendant Modern Woodman of America reported unclaimed property on October 19, 2005 for the report period ending June 30, 2005. (*See* affidavit of Chad Wright, attached as Ex. 1).  The reported property was remitted on October 27, 2005.  The property received was $23,136.45. Of that amount, $21,280.21 was reported in the name of Alonzo Austin with the reported address of 1321 Oliver-Carlis Road,

Tuskegee, Alabama 36083. (Id. and Ex. 2)  This is the name and address on record for the Plaintiff herein.  A standard claim form was provided to Plaintiff by Treasury that provided the property identification number, instructions on how to claim the property with a certification section for claimant's signature and for a Notary Public.  (*See* Ex. 3).

8.   The Plaintiff has been aware of the unclaimed property reported in his name since February 2006 and has had written, telephonic and facsimile contacts with the Unclaimed Property Division from February 2006 through February 22, 2007.  (*See* Ex.1)  The Plaintiff directed a facsimile letter to the UCP Division on February 15, 2006.  (*See* Ex.4)  The Plaintiff sent another letter via facsimile on February 2, 2007.  (*See* Ex. 5)  This was aught but 18 days before he filed his complaint.  He informed the UCP Division that he will not be filing a claim and that he is not interested in filing a claim.  (*See* Ex. 1)  The UCP Division responded by letter dated February 22, 2007 and enclosed claim forms and instructions.  (*See* Ex. 6)

9.   The United States Supreme Court has upheld the right of states to take possession of abandoned or unclaimed property. (*Delaware v. New York,* 507 U.S. 490, 497-98 (1993)

10. In consideration of the foregoing, Plaintiff's complaint should be dismissed with prejudice because it does not state any valid cause of action against Alabama Treasury and the Treasury has immunity from damage claims of citizens under the Constitutions of the United States and the State of Alabama.

Respectfully,

/s/   J. Michael Manasco

John Michael Manasco (ASB 0692-O58J)
Attorney for Defendant,
Alabama State Treasurer's Office

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 23, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jason Robert Bushby
    Joseph C. Espy, III
    Kimberly O. Fehl
    Stanley Fitzgerald Gray
    Victor L. Hayslip
    Jon Howard Patterson
    George W. Royer, Jr.
    Pamela Beard Slate
    Charles D. Stewart


I hereby certify that I have sent the document by U.S. Postal Service to the following:

Alabama State Board of Licensure
P.O. Box 887
Montgomery, AL 36101

Alonzo Austin
1321 Oliver-Carlis Rd.
Tuskegee, AL 36083

Howard F. Bryan
101 East Northside Street
Tuskegee, AL 36083

City of Tuskegee Police Department
101 Fonville Street
Tuskegee, AL 36083

George Clay
1205 Main Street
Tuskegee, AL 36083

Mason Manor
4120 Carmichael Road
Montgomery, AL 36106

Robert Story
802 Crawford Street
Tuskegee, AL 36083

Juanita K. Upshaw
P.O. Box 830265
Tuskegee, AL 36083

        Respectfully,

        /s/ J. Michael Manasco
        John Michael Manasco (ASB 0692-O58J)
        Attorney for Defendant,
        Alabama State Treasurer's Office



Kay Ivey, Treasurer
State of Alabama
Unclaimed Property Division
PO Box 302520
Montgomery, Alabama 36130-2520
(334) 242-9614  (888) 844-8400

Claim ID: 829006

### A. CLAIMANT:

AUSTIN ALONZO
1321 OLIVER-CARLIS ROAD
TUSKEGEE AL 36083

Funds listed in the name of the owner(s) identified below have been remitted to the Unclaimed Property Division for the State of Alabama. Payment will be made to the reported owner(s), their estates, or legal heirs only. To claim these funds, please complete all information in Section "C" and "D".

**PLEASE ALLOW 6-8 WEEKS FOR CLAIM VERIFICATION AND PROCESSING.**

### B. OWNER(S) / PROPERTY REPORTED TO STATE TREASURER:

| | | | |
|---|---|---|---|
| Property Type: | BENEFICIARY PROCEEDS | Property ID #: | 2461704 |
| Reported By: | MODERN WOODMEN OF AMERICA | Holder ID #: | 6441 |
| Reported Owner: | AUSTIN ALONZO | Reported Year: | 2005 |
| | 1321 OLIVER-CARLIS ROAD | Property Held: | Greater than $25.00 |
| | TUSKEGEE, AL 36083 | | |



Alabama Treasurer's Office EX. 3

CONTINUED ON FOLLOWING PAGE

**State Treasurer's Office**
**Unclaimed Property Claim Form**

Page 2 of 2

**Claim ID: 829006**

### C. TO PROVE OWNERSHIP PROVIDE ALL OF THE FOLLOWING:

- ☐ Proof that the reported owner lived or received mail at the reported address(es) shown below. (Proof may include copies of utility bills, credit reports, bank statements, cancelled checks, auto registration, tax records, voter registration, etc)
    1321 OLIVER-CARLIS ROAD
    TUSKEGEE, AL 36083

- ☐ Photocopy of reported owner's and co-owner's social security card or other document indicating the owner's name and social security number

- ☐ A photocopy of the reported owner's and co-owner's drivers license, state issued non-drivers ID or other government issued photo ID.

- ☐ If these assets were reported belonging to an individual and a company, you must provide a signed release from the reported co-owner in order for payment to be made to a single payee

- ☐ If you are claiming on behalf of the owner under a power of attorney, provide a copy of the notarized power of attorney and a copy of your ID.

### D. I CERTIFY THE FOLLOWING IN THE PRESENCE OF NOTARY PUBLIC:

Under penalties of perjury, I certify that the information provided on this claim form is true, and all supporting documentation presented is either the original or true unaltered copies of the original documents. Upon payment of this claim, said claimant will indemnify and hold harmless the State of Alabama and its officers and employees from any damages, claims, or losses of any kind resulting in payment of the above described property to the claimant.

Signature of reported owner/legal heir: _____

Daytime Telephone Number: _____

Subscribed and sworn before me this _____ day of _____, _____

Notary Public: _____   Commission Expires: _____