**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:  Austin v. Modern Woodman of America et al

Case Number:   3:07-cv-00138-MHT

Referenced Pleading:   Motion to Dismiss - Doc. 50

This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice. Please see the correct PDF documents to this notice.

IN THE UNITD STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, EXECUTOR,<br>      Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) Case No.: 3:07-cv-00138-MHT |
| MODERN WOODMAN OF AMERICA;<br>PROBATE JUDGE AKFIBZI MENEFEE;<br>CIRCUIT JUDGE HOWARD F. BRYAN;<br>ATTORNEY DEBORAH H. BIGGERS;<br>ATTORNEY FRED GRAY, SR.; ATTORNEY<br>NATHANSON; MASON MANOR; CITY OF<br>TUSKEGEE POLICE DEPARTMENT;<br>MONTGOMERY CITY POLICE<br>DEPARTMENT; DR. ROBERT STORY;<br>ALABAMA STATE TREASURER'S OFFICE;<br>ALABAMA STATE BOARD OF LICENSURE;<br>ALABAMA EXCHANGE BANK PRESIDENT<br>ROBERT DAVIS; SOUTHTRUST BANK AND<br>ITS PRESIDENT; REGIONS BANK; JUANITA<br>K. UPSHAW; GEORGE CLAY; AETNA<br>INSURANCE COMPANY, et al.,<br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT ALABAMA STATE TREASURER'S OFFICE MOTION TO DISMISS

Alabama State Treasurer's Office ("Defendant" or "Alabama Treasury"), pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure hereby moves to dismiss all o the claims filed by Alonzo Austin, executor of the estate of Ruth H. Lewis, ("Plaintiff") against Alabama Treasury or, in the alternative, moves under Rule 12(e) to require Plaintiff to file a

more definite statement of his claims. In support of this motion the Alabama Treasury shows as follows:

1. The complaint fails to state a claim against Alabama Treasury upon which relief may be granted.

2. Although the complaint is 16 handwritten pages containing 43 numerated paragraphs, the only time defendant Alabama Treasury is mentioned in the entire complaint is in the style of the case and in paragraph numbered 26 where it is alleged that Modern Woodman of American transferred insurance proceed to the "Treasurer's Office of the State of Alabama under color of law to be place(d) under the Unclaim(ed) Act of Alabama, subject to its laws." Thereafter, paragraph 26 states this was done on 2/143/05 and alleges various attendant violations to plaintiff's rights under various theories to support his claim for damages in paragraph 1 of the complaint.

3. The Plaintiff makes no specific allegations against the Alabama Treasury.

4. Plaintiff's claims for damages are barred by the Constitution of Alabama. Article I, § 14 of the Alabama Constitution of 1901, states that "the state of Alabama shall never be made a defendant in any court of law or equity." According to this section, the State and its agencies are absolutely immune from suit in any court. *Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992); *Alabama State Docks v. Saxon*, 631 So. 2d 943 (Ala. 1994). Officers and employees of the State are also immune from suit when the action is in effect one against the State. *Mitchell*, 598 So. 2d at 806. An action against the State is one in which "a favorable result for the plaintiff would directly affect a contract or property right of the State, or would result in the plaintiff's recovery of money from the state." *Vaughan v. Sibley*, 709 So. 2d

482, 484 (Ala. Civ. App. 1997) (quoting *Shoals Community College v. Colagross*, 674 So. 2d 1311, 1314 (Ala. Civ. App. 1995)).  In determining whether the action is in effect one against the State, the court should consider factors such as the nature of the action and the relief sought.  *Vaughan*, 709 So. 2d at 484-85.  When a suit is one for damages, a result favorable to the plaintiff would directly affect a contract or property right of the State.  *Id.*

     5.    The Eleventh Amendment to the United States Constitution also bars Plaintiff's claims for relief. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry.  *See Edelman v. Jordan,* 415 U.S. at 663, 94 S. Ct. at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

     The Eleventh Amendment also prohibits a suit against state officials and employees where the State is the real, substantial party in interest.  *See* <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999).  This suit against defendant Alabama State Treasurer's Office is in reality a suit against the State.  Thus, the Alabama State Treasurer's Office is absolutely immune from damages liability.

6. Defendant Alabama Treasury administers the Alabama Uniform Disposition of Unclaimed Property Act pursuant to §§35-12-70 through 35-12-96, Code of Alabama. Under § 35-12-76 (a) " A holder of property presumed abandoned shall upon make a report to the Treasurer concerning the property[.]" Thereafter § 35-12-77(a) provides "[u]pon filing the report required in section 35-12-76, the holder of property presumed abandoned shall pay, deliver, or cause to be paid or delivered to the Treasurer, the property described as unclaimed, [.]" Under § 35-12-79 (b) "Upon payment or delivery of property to the Treasurer, the state assumes custody and responsibility for the safekeeping of the property." The Treasurer has responsibilities for notification of abandoned property. § 35-12-78 (a) "It is specifically recognized that the state has an obligation to make an effort to notify apparent owners of abandoned property is a cost effective manner. Apparent owners have the right to file a claim to recover the abandoned property under § 35-12-83. Apparent owners are provided a statutory remedy under § 35-12-85 that provides, "A person aggrieved by a decision of the Treasurer or shoes claim has not been acted upon within 120 days after its filing may maintain an original action to establish the claim in the Circuit Court of Montgomery County, Alabama naming the Treasurer as a defendant[.]"

7. In accord with the aforementioned Alabama Uniform Disposition of Unclaimed Property Act (hereinafter the "UCP Act") defendant Modern Woodman of America reported unclaimed property on October 19, 2005 for the report period ending June 30, 2005. (*See* affidavit of Chad Wright, attached as Ex. 1). The reported property was remitted on October 27, 2005. The property received was $23,136.45. Of that amount, $21,280.21 was reported in the name of Alonzo Austin with the reported address of 1321 Oliver-Carlis Road,

Tuskegee, Alabama 36083. (Id. and Ex. 2)  This is the name and address on record for the Plaintiff herein.  A standard claim form was provided to Plaintiff by Treasury that provided the property identification number, instructions on how to claim the property with a certification section for claimant's signature and for a Notary Public.  (*See* Ex. 3).

8.     The Plaintiff has been aware of the unclaimed property reported in his name since February 2006 and has had written, telephonic and facsimile contacts with the Unclaimed Property Division from February 2006 through February 22, 2007. (*See* Ex.1)  The Plaintiff directed a facsimile letter to the UCP Division on February 15, 2006.  (*See* Ex.4)  The Plaintiff sent another letter via facsimile on February 2, 2007.  (*See* Ex. 5)  This was aught but 18 days before he filed his complaint.  He informed the UCP Division that he will not be filing a claim and that he is not interested in filing a claim.  (*See* Ex. 1)  The UCP Division responded by letter dated February 22, 2007 and enclosed claim forms and instructions.  (*See* Ex. 6)

9.     The United States Supreme Court has upheld the right of states to take possession of abandoned or unclaimed property. (*Delaware v. New York,* 507 U.S. 490, 497-98 (1993)

10. In consideration of the foregoing, Plaintiff's complaint should be dismissed with prejudice because it does not state any valid cause of action against Alabama Treasury and the Treasury has immunity from damage claims of citizens under the Constitutions of the United States and the State of Alabama.

Respectfully,

/s/     J. Michael Manasco

John Michael Manasco (ASB 0692-O58J)
Attorney for Defendant,
Alabama State Treasurer's Office

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jason Robert Bushby
    Joseph C. Espy, III
    Kimberly O. Fehl
    Stanley Fitzgerald Gray
    Victor L. Hayslip
    Jon Howard Patterson
    George W. Royer, Jr.
    Pamela Beard Slate
    Charles D. Stewart

I hereby certify that I have sent the document by U.S. Postal Service to the following:

Alabama State Board of Licensure
P.O. Box 887
Montgomery, AL 36101

Alonzo Austin
1321 Oliver-Carlis Rd.
Tuskegee, AL 36083

Howard F. Bryan
101 East Northside Street
Tuskegee, AL 36083

City of Tuskegee Police Department
101 Fonville Street
Tuskegee, AL 36083

George Clay
1205 Main Street
Tuskegee, AL 36083

Mason Manor
4120 Carmichael Road
Montgomery, AL 36106

Robert Story
802 Crawford Street
Tuskegee, AL 36083

Juanita K. Upshaw
P.O. Box 830265
Tuskegee, AL 36083

        Respectfully,

        <u>/s/ J. Michael Manasco</u>
        John Michael Manasco (ASB 0692-O58J)
        Attorney for Defendant,
        Alabama State Treasurer's Office