UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALONZO AUSTIN, Executor for Ruth H. Lewis, Estate,<br><br>Plaintiff(s),<br><br>vs.<br><br>MODERN WOODMEN OF AMERICA, et al,<br><br>Defendant(s). | Civil Action No.<br>3:07-CV-138-MHT-WC |

## MODERN WOODMEN'S RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Comes now the Defendant, Modern Woodmen of America ("Modern Woodmen"), and, in response to Plaintiff's "Motion for Summary Judgment by Plaintiff(s) in response to, Motion to Dismiss by Defendant(s)" (Doc. 63)("Plaintiff's Opposition") opposing Modern Woodmen's Motion to Dismiss, submits the following.

1. As shown in the affidavit of Judy Gackle (Ex. 2 of Modern Woodmen's Motion to Dismiss), Modern Woodmen's transfer of the subject annuity funds was

thwarted for more than ten years by Plaintiff's refusal to complete the documentation necessary for such transfer.

2. Plaintiff's Opposition does not dispute that Modern Woodmen attempted to transfer to him the annuity proceeds to which he is due. In fact, Plaintiff describes how he received a Waiver of Certificate form from Modern Woodmen that was required for such transfer to occur. (See form attached as Ex. A to Plaintiff's Opposition).

3. Plaintiff's excuse for refusing to sign the form is that it provides that the signatory affirms that the subject annuity certificate has been "lost or destroyed". (Plaintiff's Opposition at p. 4). Thus, he argues that to sign the form would be to "waive his rights" because he did not have access to the certificate and did not know its status. (Id.). Setting this argument aside, the following provision, which appears at the top of the form, speaks for itself:

> The Society's By-Laws provide that all Benefit certificates and riders are to be forwarded to the National Secretary of the Society with the death proofs, and that if any certificate or rider is lost or beyond the beneficiary's control, a waiver thereof shall be filed. The following form of waiver is to be used in such event. The waiver must be signed by all adult beneficiaries and the legally appointed guardian for minor beneficiaries.

(Ex. A to Plaintiff's Opposition).

4.Modern Woodmen's December 23, 1996 letter enclosing the Waiver of Insurance Certificate form advised Mr. Austin that "...it is necessary that Ms. Lewis' annuity certificate be surrendered to our Home Office along with the previously mentioned forms. In the event that her certificate is no longer available to you, we would ask that you please complete the enclosed 'Waiver of Insurance Certificate.'" (See Ex. 12 to Modern Woodmen's Motion to Dismiss). The subject certificate, as reflected in Plaintiff's own affidavit testimony, was clearly unavailable to him and beyond his control. (See Plaintiff's Opposition at p. 4). Thus, Modern Woodmen's rules required that the Waiver of Certificate form be signed and submitted. Had Plaintiff done so, the annuity proceeds would have been transferred to him ten years ago without infringing on his "rights" in any way. Because nothing in Plaintiff's Opposition disputes this essential fact, this Court should disregard the Opposition and grant Modern Woodmen's Motion to Dismiss as Plaintiff's Complaint does not state any valid cause of action against Modern Woodmen.

Respectfully,

/s/Charles D. Stewart
Charles D. Stewart (ASB-7467-T63C)
Attorney for Defendant, Modern Woodmen of America

OF COUNSEL:

SPAIN & GILLON, L.L.C.
2117 2nd Avenue North
Birmingham, AL  35203
(205) 328-4100
(205) 324-8866 (fax)
E-mail:  cds@spain-gillon.com


## CERTIFICATE OF SERVICE

I hereby certify that on **April 11, 2007**, a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the Electronic Filing System which sends notification of such filing to counsel of record in this cause and that those not registered with electronic notification have been served by U.S. Mail.

Non-electronic recipients:

Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL  36083


　　　　　　　　　　　　　　　　　　/s/  Charles D.  Stewart
　　　　　　　　　　　　　　　　　　Of Counsel