# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALONZO AUSTIN, Executor for Ruth H. Lewis, Estate, ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Civil Action No. 3:07-CV-138-MHT-WC |
| MODERN WOODMEN OF AMERICA, et al, ) ) ) ) | |
| Defendant(s). ) | |

## MODERN WOODMEN'S RESPONSE TO COURT'S ORDER OF APRIL 23, 2007

Comes now the Defendant, Modern Woodmen of America ("Modern Woodmen"), and, in response to the Court's Order of April 23, 2007 (Doc. 83), submits the following.

1. On April 23, 2007, the Court entered an Order requesting that Modern Woodmen "advise the court whether the plaintiff subsequently filed a claim for the unclaimed property at issue in this case with the Alabama State Treasurer's Office and any effect his filing or his failure to file such a claim for funds has on his claims

1

against Modern Woodmen of America and the Alabama State Treasurer's Office in this federal lawsuit."

2. On April 24, 2007, counsel for Modern Woodmen spoke with Chad Wright of the Alabama State Treasurer's Office (Treasurer's Office). Mr. Wright indicated that Plaintiff Alonzo Austin has never filed a claim for the funds at issue and confirmed again that Plaintiff has communicated by phone with the Treasurer's Office on multiple occasions and has repeatedly been made aware of the procedure by which he may do so to collect the funds he is owed. (*See* Defendant Alabama State Treasurer's Office Motion to Dismiss, Doc. 50, at ¶ 7). In Plaintiff(s) Motion in Response to Order for Good Cause Seeking Advise [sic] of Plaintiff(s) that was filed with the Court on April 27, 2007, Plaintiff acknowledged that he had not filed a claim to the unclaimed property on deposit with the Alabama Department of Treasury.

3. Plaintiff's refusal to file a claim for the funds with the Treasurer's Office has no effect on his claims against Modern Woodmen. The facts as alleged and as contained in the affidavits of Judy Gackle supporting Modern Woodmen's Motion to Dismiss and Plaintiff's Reply Affidavit establish that Plaintiff's claims against Modern Woodmen fail to state a claim upon which relief can be granted against Modern Woodmen. The undisputed facts are:

    A.    Plaintiff is the designated beneficiary of Modern Woodmen's certificate 6737108 issued to Ruth Lewis;

    B.    Ruth Lewis died on, to-wit: November 26, 1994, after which the certificate proceeds became due upon receipt of due proof of death and proper claim forms from Mr. Austin;

    C.    Over a ten-year period of time, Modern Woodmen notified Mr. Austin of the need for him to submit complete claim forms to enable Modern Woodmen to pay the certificate proceeds to him;

    D.    Upon Mr. Austin's continued refusal to submit a claim to Modern Woodmen for the certificate proceeds, Modern Woodmen transferred the certificate proceeds to the Alabama Department of Treasury pursuant to *Ala. Code* § 35-12-17 on October 31, 2005.

4.    Mr. Austin's exclusive remedy to obtain the certificate proceeds is to make claim to the Unclaimed Property Division of the Alabama State Treasury in accordance with the procedures provided in *Ala. Code* § 35-12-38. Plaintiff's refusal to file a claim with the Alabama Treasury Department and the reasons given in his Complaint, Motion for Summary Judgment by Plaintiff(s) in Response to, Motion to Dismiss by Defendant(s) and his most recent Plaintiff(s) Motion in Response to Order for Good Cause Seeking Advise [sic] of Plaintiff(s) have no legal basis in fact or law to justify his refusal.

5.    Whether or not Mr. Austin files a claim with the Unclaimed Property Division of the Alabama State Treasury Department for the certificate proceeds deposited by Modern Woodmen does not affect Plaintiff's alleged cause of action

against Modern Woodmen. Upon transfer of the certificate proceeds to the Treasurer's Office pursuant to *Ala. Code* § 35-12-17, Modern Woodmen satisfied all obligations and liabilities under the Modern Woodmen certificate and to Mr. Austin and, as a result, Plaintiff has no colorable claim against Modern Woodmen and Plaintiff's Complaint against Modern Woodmen is due to be dismissed with prejudice.

       /s/    Charles D. Stewart
Charles D. Stewart (ASB-7467-T63C)
Attorney for Defendant, Modern Woodmen of America

OF COUNSEL:

SPAIN & GILLON, L.L.C.
2117 2nd Avenue North
Birmingham, AL 35203
(205) 328-4100
(205) 324-8866 (fax)
E-mail: cds@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **April 30, 2007**, a copy of the foregoing pleading was electronically filed with the Clerk of the Court using the Electronic Filing System which sends notification of such filing to counsel of record in this cause and that those not registered with electronic notification have been served by U.S. Mail.

Non-electronic recipients:
Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083

/s/ Charles D. Stewart
Of Counsel