IN THE UNITD STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, EXECUTOR,<br>        Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) Case No.: 3:07-cv-00138-MHT-WC |
| MODERN WOODMAN OF AMERICA; et al., | )<br>) |
|         Defendant | ) |

## ALABAMA TREASURER'S RESONSE TO COURT'S ORDER OF APRIL 23, 2007

Comes now the Defendant, Alabama Treasurer ("Treasurer") and in response to the Order of April 23, 2007 (doc. no. 83) submits the following:

1. The Plaintiff has not subsequently filed a claim for the unclaimed property at issue in this case with the Alabama State Treasurer's Office as of the time of filing this pleading on May 2, 2007.

2. The Plaintiff acknowledged in its Response to the Court's Order of April 23, 2007 (Doc. no. 83) filed on April 27, 2007 (doc. no. 86) in Paragraph No. 1 that it did not file a claim for the unclaimed property at issue in this case.

3. Plaintiff further acknowledges in its Response (doc. no. 86) in Paragraph No. 2 that "The effect would have been had Plaintiff(s) signed and received payment from State treasurer(s) [sic] Office, Plaintiff(s), would be precluded from Federal Suit Claim against the State of Alabama for Damages."

4. There is no period of limitation specified in the Code of Alabama that limits the right to claim unclaimed property of an apparent owner. It is thus the policy of the State of Alabama Treasury that under the existing law, Plaintiff will never lose its right to claim the property delivered under his name.

5. Holders of unclaimed property are indemnified by the State of Alabama from claims from any source by § 35-12-79 (b) - (c), Code of Ala.

(b) "Upon payment or delivery of property to the Treasurer, the state assumes custody and responsibility for the safekeeping of the property. A holder who pays or delivers property to the Treasurer in good faith is relieved of all liability arising thereafter with respect to the property. The payment or delivery of property to the Treasurer shall operate as a full, absolute and unconditional release and discharge of the holder from any and all claims or demands of or liability to any person entitled thereto, or to any other claimant or state, and the payment or delivery may be pleaded as an absolute bar to any action brought against the holder by any other person entitled thereto, or by any other claimant or state. The holder shall immediately and thereafter be relieved of and held harmless by the State of Alabama from any and all liabilities for any claim or claims which exist at the time with reference to the property or which may thereafter be made or may come into existence on account of or in respect to any such property. This section does not relieve the holder from any fine or civil penalty imposed pursuant to Section 35-12-92."

    (c) "A holder who has paid money to the Treasurer pursuant to this article may but is not required to subsequently make payment to a person reasonably appearing to the holder to be entitled to payment. Upon a filing by the holder of proof of payment and proof that the payee was entitled to the payment, the Treasurer shall promptly reimburse the holder, unless the Treasurer already has paid a claim for the property, for the payment without imposing a fee or other charge. If reimbursement is sought for a payment made on a negotiable instrument, including a traveler's check or money order, the holder shall be reimbursed upon filing proof that the instrument was duly presented and that payment was made to a person who reasonably appeared to be entitled to payment. The holder must be reimbursed for payment made even if the payment was made to a person whose claim was barred under Section 35-12-88."

    (d) "A holder who has delivered property other than money to the Treasurer pursuant to this article may reclaim the property if it is still in the possession of the Treasurer, without paying any fee or other charge, upon filing proof that the apparent owner has claimed the property from the holder."

7.    Plaintiff's refusal to file a claim to recover his unclaimed property should bar his claim to recover in Federal court what is available to him in as an administrative matter in the State of Alabama Treasury.  This is a state matter and has been shown plaintiff is afforded an adequate state remedy to claim and

to seek relief in the Circuit Court of Montgomery County Alabama and name the Treasurer as a defendant.

        Respectfully submitted,


        /s/ J. Michael Manasco
        John Michael Manasco (ASB 0692-O58J)


CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing Alabama Treasurer's Response to Plaintiff's Opposition to Motion to Dismiss upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Charles D. Stewart
Spain & Gillon, L.L.C.
2117 Second Avenue, North
The Zinszer Building
Birmingham, Alabama 35203
*Attorney for Modern Woodman of America*

Jack B. Hinton, Jr,
Gidiere, Hinton, Herndon & Christman
904 Regions Tower
60 Commerce Street
Montgomery, Alabama 36104
*Attorney for Mason Manor*

Joe Espy, III
Melton, Espy & Williams, P.C.
P. O. Drawer 5130
Montgomery, Alabama 36103
*Attorney for Fred Gray, Sr. and Attorney Nathanson*

Kimberly Owen Fehl
City of Montgomery Legal Division
P. O. Box 1111
Montgomery, Alabama 36101-0111
*Attorney for Montgomery City Police Department*

Bettie J. Carmack
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL 36130
*Attorney for Alabama Board of Licensure*

Stanley F. Gray
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083
*Attorney for Alabama Exchange Bank President and Robert Davis*

John R. Bushby, Jon H. Patterson & Victor L Hayslip
Burr & Forman LLP
420 North 20 th Street, Suite 3100
Birmingham, AL  35203
*Attorneys for SouthTrust Bank, SouthTrust Bank President and Regions Bank*

Pamela B. Slate
Slate Kennedy LLC
P.O. Box 388
Montgomery, AL 36101
*Attorney for Aetna Insurance Co.*

I further certify that I have served a copy of the foregoing by depositing a copy of same in the United States mail, postage prepaid and properly addressed to the following

Alonzo Austin
1321 Oliver-Carlis Rd.
Tuskegee, Alabama 36083

Circuit Judge Howard F. Bryan
101 East Northside Street
Tuskegee, AL 36083

Deborah Hill Biggers
Tuskegee Institute
P. O. Box 1183
Tuskegee, Alabama 36087

Robert Story
802 Crawford Street
Tuskegee, Alabama 36083

Juanita K. Upshaw
P. O. Box 830265
Tuskegee, Alabama 36083

City of Tuskegee Police Department
101 Fonville Street
Tuskegee, Alabama 36083

George Clay
1205 Main Street
Tuskegee, Alabama 36083

        Signed on this the 2nd day of May 2007

        <u>/s/ J. Michael Manasco</u>
        John Michael Manasco