IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, executor for the ) | |
| estate of Ruth H. Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07cv138-MHT |
| ) | (WO) |
| MODERN WOODMEN OF AMERICA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed February 16, 2007).[1]

### I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Alonzo Austin ("Austin"), a pro se plaintiff, raises several claims related to the guardianship and housing of his cousin, Ruth H. Lewis ("Lewis"), in a nursing home in 1993 and the distribution of property after her death in 1994. Austin names Macon County Probate Judge Alfonza Menefee ("Judge Menefee"), Deborah H. Biggers ("Biggers"), Fred Gray, Sr. ("Gray"), Allan Nathanson ("Nathanson"), Juanita K. Upshaw ("Upshaw"), George Clay ("Clay"), Dr. Robert Story ("Story"), Alabama

---

[1] The case was originally referred to Magistrate Judge Wallace Capel Jr. On March 15, 2007, the case was reassigned to Magistrate Judge Charles S. Coody. On May 17, 2007, it was reassigned to the undersigned.

Exchange Bank President Robert Davis ("Davis"), Mason Manor, Modern Woodmen of America, the Alabama State Treasurer's Office, the City of Tuskegee Police Department, Macon County Sheriff's Department, Montgomery City Police Department, the Alabama Board of Licensure, Regions Bank, SouthTrust Bank and its president, and Aetna Insurance Company as defendants.

Now pending before the court are the defendants' motions to dismiss (Doc. Nos. 25, 27, 29, 32, 33, 34, 37, 41, 46, 49, 50, 58 & 85) and the plaintiffs' responses in opposition to the motions (Doc. Nos. 62-63, 70-77, 81-82, 84).[2] The court has reviewed the defendants' motions and the plaintiff's responses and concludes that this case should be dismissed.[3]

## II. STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss,

---

[2] The court construes the plaintiffs' pleadings styled as a "Motion for Summary Judgement by Plaintiff(s); in response to, Motion to Dismiss by Defendant(s)" to include responses to the defendants' motions to dismiss. (Doc. Nos. 62-63, 70-77, 81-82, 84.)

[3] Austin also names Howard F. Bryan ("Bryan") as a defendant. Service was attempted but not perfected on this individual. Thus, Bryan is not considered a party to this action. Moreover, it is clear that Bryan is a private individual and not subject to suit in this § 1983 action. Moreover, the claims against Bryan are barred by the statute of limitations. *See* 28 U.S.C. § 1915(e)(2)(B)(i)

whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, --- S.Ct. --- , 2007 WL 1461066, 2007 U.S. LEXIS 5901 (2007) (citations omitted). In other words, factual allegations must be enough to raise a right to relief above the speculative level. *Id*. That said, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

### III.  DISCUSSION

#### A.  Claims against Private Individuals & Entities

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). *See also Mills v. Criminal District Court No.* 3, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.)  To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party

charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985.

It is clear from the face of Austin's complaint Modern Woodmen of America, Mason Manor, SouthTrust Bank and its president, Regions Bank, Aetna Insurance Company, Biggers, Gray, Nathanson, Story, Davis, Upshaw, and Clay are not state actors. Consequently, the actions about which Austin complains were not committed by a person acting under color of state law and cannot be considered state actions which is a requisite element to assign liability under 42 U.S.C. § 1983. The court therefore concludes the claims presented against Modern Woodmen of America, Mason Manor, SouthTrust Bank and its president, Regions Bank, Aetna Insurance Company, Biggers, Gray, Nathanson, Story, Davis, Upshaw, and Clay are frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Judge Menefee

All of the allegations made by the plaintiff against Judge Menefee arise from actions taken by Judge Menefee in his judicial capacity during court proceedings over which he had jurisdiction. The law is well established that a county probate judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *See Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). *See also Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (noting that a county probate judge is a state actor and therefore immune from suit). Consequently, the motion to dismiss filed by Judge Menefee

should be granted pursuant to FED.R.CIV.P. 12(b)(6).

### C. The Alabama Board of Medical Licensure

Austin makes no specific allegations against the Alabama Board of Licensure. In addition, the Alabama Board of Medical Examiners and the Medical Licensure Commission of Alabama are state agencies. It is well-settled law that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). Thus, the motion to dismiss filed by the Alabama Board of Medical Licensure should be granted pursuant to FED.R.CIV.P. 12(b)(6). (Doc. No. 49.)

### D. Claims against the Alabama State Treasurer's Office

Austin argues his constitutional rights were violated because the Woodmen of America transferred his insurance proceeds into the State Treasury pursuant to the Alabama Uniform Disposition of Unclaimed Property Act, §§ 35-12-70 through 35-12-96, ALA. CODE 1975. First, it is clear Austin makes no specific allegations against the Alabama State Treasurer's office. Moreover, state agencies are absolutely immune from suit. *Papasan*, *supra*. Thus, Austin fails to state a claim against the Alabama Treasurer's Office upon which relief may be granted. Consequently, the Alabama State Treasurer's Office motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) should be granted.

### E. Claims against Law Enforcement Departments

Austin names the City of Tuskegee Police Department, the Montgomery County Sheriff's Department, and the Macon County Sheriff's Department as defendants in this case. The law is well settled, neither a county sheriff's department nor a city police department is

a legal entity subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the City of Tuskegee Police Department, the Montgomery County Sheriff's Department, and the Macon County Sheriff's Department are due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### F. Supplemental State Law Claims

To the extent Austin's allegations may be construed as state law claims, his contentions are due to be dismissed. If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002). In view of this court's determination that the federal claims presented in Austin's complaint should be dismissed, the court concludes that his supplemental state law claims are also due to be dismissed. *Id.*

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Alabama Board of Medical Licensure's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be **GRANTED**. (Doc. No. 49.)

2. The Alabama State Treasury's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) be **GRANTED**. (Doc. No. 50.)

3. The § 1983 claims against the remaining defendants be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

4. Austin's supplemental state law claims be **DISMISSED without prejudice**.

5. The motions to dismiss filed by defendants Gray, Nathanson, Menefee, Biggers, Davis, Macon Sheriff's Department, Regions Bank, SouthTrust Bank and its president, Modern Woodmen of America, Macon County Sheriff's Department, and the Alabama State Board of Licensure be **DENIED as moot**. (Doc. Nos. 25, 27, 29, 32, 33, 34, 37, 41, 46, 58 & 85.)

6. The motion to stay filed by Macon County Sheriff's Department and Alfonza Menefee be **DENIED as moot**. (Doc. No. 65.)

7. This case be **DISMISSED**.

8. Any remaining outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **June 5, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

     DONE this 23rd day of May, 2007.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE