IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civ. Action No. 3:07-cv-138-MHT-WC |
| | ) |
| | ) |
| MODERN WOODMAN OF | ) |
| AMERICA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## DEFENDANT CITY OF TUSKEGEE POLICE DEPARTMENTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

COMES NOW Defendant City of Tuskegee Police Department, by and through counsel, and hereby moves this Honorable Court to dismiss all claims asserted against it in the above-styled cause pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. In support thereof, this Defendant states the following:

1. On or about February 14, 2007, Alonzo Austin filed the law suit *sub judice,* apparently for himself and as Executor of the Estate of Ruth H. Lewis. In his Complaint, Austin alleges that he and Lewis suffered injury as a result of several judicial proceedings and Court Orders in which Austin was deprived of his power of attorney to act for Lewis, Lewis was declared incompetent and placed in an institution, Austin was ordered to turn over to the Court various legal documents obtained from Lewis, and Austin was found in contempt of Court and arrested for

failing to comply with the Orders of the Court. All actions material to the Complaint are alleged to have occurred between March 1993 and January 1995. The Complaint names 21 separate Defendants, including this Defendant, the City of Tuskegee Police Department.

2.     Aside from the style of the Complaint, Defendant City of Tuskegee Police Department is nowhere mentioned in the body of the Complaint. Although the Complaint contains 44 numbered paragraphs (two paragraphs are each numbered "24"), Plaintiff alleges no acts or omissions of the City of Tuskegee Police Department nor does he plead any cause of action involving Defendant City of Tuskegee Police Department.

3.     Austin's Complaint pleads seven causes of action:
*     Counts I and II plead violation of constitutional rights;

*     Count III pleads a violation of statutory civil rights;

*     Count IV pleads conspiracy to violate civil rights;

*     Counts V and VI plead intentional infliction of emotional distress; and

*     Count VII pleads malicious abuse of process, malicious arrest, and intentional false imprisonment.

4.     Plaintiff has failed to state a claim upon which relief can be granted against Defendant City of Tuskegee Police Department and this Defendant is due to be dismissed on the following grounds:

a. Counts I and II, which plead violation of constitutional rights; Count III, which pleads violation of statutory civil rights; Count IV, which pleads conspiracy to violate civil rights; Counts V and VI, which plead intentional infliction of emotional distress; and that part of Count VII which pleads malicious abuse of process, are all causes of action governed by Alabama's two-year statute of limitations. *Alabama Code* § 6-2-38(l) states "all actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." The malicious arrest and intentional false imprisonment causes of action pled in Count VII are governed by Alabama' six-year statute of limitations. *Alabama Code* § 6-2-34(1) states that "actions for any trespass to person or liberty, such as false imprisonment or assault and battery; . . ." must be commenced within six years. Therefore, since the last date of a wrongful act or omission alleged in the Complaint is January 1995, all causes of action pled in the Complaint are barred by the applicable statute of limitations and must be dismissed.

b. Defendant City of Tuskegee Police Department is not a legal entity under Alabama law capable of being sued. *Henson v. West,* 2006 U.S. Dist. LEXIS 35107 (MD Ala., 2006). *See also, Dean v. Barber*, 951 Fed.2d 1210, 1214 (11th Cir. 1992). Because the City of Tuskegee Police Department is not a legal entity, it must be dismissed from this lawsuit.

c. As this Court has stated previously,

> A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. . . . . In

> evaluating a motion to dismiss, the Court will accept as true all well-pleaded factual allegations and reasonable inferences drawn from those facts, and will review them in a light most favorable to the non-moving party. [Citations omitted].

*Henson v. West,* 2006 U.S. Dist. LEXIS 35107 (MD Ala., 2006). In other words, there must be some factual allegations for the Court to review. Consequently, it is incumbent upon the Plaintiff to plead at least some facts to support his claims. In the Compliant *sub judice,* Plaintiff Austin has made no factual allegations linking this Defendant with the causes of action pled in the Complaint. As previously mentioned, the only place in the entire Complaint in which Defendant City of Tuskegee Police Department is mentioned is in the style of the Complaint. This clearly falls short of even the minimum standard of Rule 8 which requires the Plaintiff provide a "plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rowe v. Aware Woman Center for Choice, Inc.,* 253 Fed.3d. 678, 587 (11th. Cir. 2001). Furthermore, the Complaint falls woefully short of the Eleventh Circuit's heightened pleading requirement in civil rights cases in which to survive a motion to dismiss, the Plaintiff must plead specific material facts supporting his claims. *See, Gonzalez v. Reno,* 325 Fed.3d 1228, 1235 (11th Cir. 2003). Because Plaintiff Austin has pled no facts involving this Defendant to support the claims in his complaint, Defendant City of Tuskegee Police Department must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, on the grounds set forth above, Defendant City of Tuskegee Police Department respectfully prays this Honorable Court enter an Order dismissing all Plaintiff's claims against it with prejudice.

                                            s/S. Mark Dukes
                                            S. MARK DUKES (ASB-9697-U77S)
                                            ALEX L. HOLTSFORD, JR. (ASB-9586-D62A)
                                            Counsel for Defendant City of Tuskegee Police Department

Of Counsel:
    *Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
    P.O. Box 4128
    Montgomery, Alabama 36103-4128
    334-215-8585
    334-215-7101 - Facsimile
    mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

| *Party:* | *Represented by:* |
|---|---|
| Mr. Alonzo Austin, Executor for the Estate of Ruth H. Lewis<br>1321 Oliver-Carlis Road<br>Tuskegge, AL 36083 | *Pro se* |
| Aetna Insurance Company | Pamela B. Slate, Esq.<br>*Slate Kennedy LLC*<br>P.O. Box 388<br>Montgomery, AL 36101 |
| Alabama Exchange Bank President; Mr. Robert Davis | Stanley Fitzgerald Gray, Esq.<br>*Gray, Langford, Sap, McGowan, Gray & Nathanson*<br>P.O. Box 830239<br>Tuskegee, AL 36083-0239 |
| Alabama State Board of Licensure | Bettie J. Carmack, Esq.<br>Alabama AG's Office<br>11 South Union Street<br>Montgomery, Alabama 36130 |
| Alabama State Treasurer's Office | John Michael Manasco, Esq.<br>*State of Alabama Treasury*<br>P.O. Box 302510<br>State Capitol Building<br>600 Dexter Avenue Room S-106<br>Montgomery, AL 36130 |

| *Party:* | *Represented by:* |
|---|---|
| Deborah H. Biggers, Esq. | Deborah Hill Biggers, Esq.<br>113 East Rosa Parks Avenue<br>Tuskegee, AL 36083 |
| Howard F. Bryan, Esq.<br>Circuit Judge<br>101 East Northside Street<br>Tuskegee, AL 36083 | *Pro se* |
| Mr. George Clay | William Henry Brittain, II, Esq.<br>*Ball, Ball, Matthews & Novak, PA*<br>P.O. Box 2148<br>Montgomery, AL 36102-2148 |
| Fred Gray, Sr., Esq.; Attorney Nathanson | Joseph C. Espy, III, Esq.<br>*Melton, Espy & Williams, PC*<br>P.O. Drawer 5130<br>Montgomery, AL 36103-5130 |
| Macon County Sheriff's Department;<br>Alfonza Menefee, Probate Judge | George W. Royer, Jr., Esq.<br>*Lanier, Ford, Shaver & Payne, PC*<br>P.O. Box 2087<br>Huntsville, AL 35804-2087 |
| Mason Manor | Jack B. Hinton, Jr., Esq.<br>*Gidiere, Hinton, Herndon & Christman*<br>904 Regions Tower<br>60 Commerce Street<br>Montgomery, AL 36104 |

| *Party:* | *Represented by:* |
|---|---|
| Modern Woodman of America | Charles D. Stewart, Esq.<br>*Spain & Gillon, LLC*<br>2117 Second Avenue, orth<br>The Zinszer Building<br>Birmingham, AL 35203 |
| Montgomery City Police Department | Kimberly Owen Fehl, Esq.<br>*City of Montgomery, Legal Div.*<br>P.O. Box 1111<br>Montgomery, AL 36101-0111 |
| Regions Bank; SouthTrust Bank, John D. Buchanan, Registered Agent; SouthTrust Bank President | Jason Robert Bushby, Esq.<br>*Burr & Forman, LLP*<br>420 North 20th Street, Ste 3100<br>Birmingham, AL 35203<br><br>Also:<br>Victor L. Hayslip, Esq.<br>Jon Howard Patterson, Esq. |
| Dr. Robert Story<br>802 Crawford Street<br>Tuskegee, AL 36083 | *Pro se* |
| Ms. Juanita K. Upshaw<br>P.O. Box 830265<br>Tuskegee, AL 36083 | *Pro se* |

                                    s/S. Mark Dukes
                                    OF COUNSEL