IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

ALONZO AUSTIN Executor for )
the estate of RUTH H. LEWIS )
                            )
Plaintiff,                  )
V.                          ) Case No. 3:07-CV-138-MHT
MODERN WOODMEN OF AMERICA,  )
et al,                      )
Defendant(s)                )

<u>PLAINTIFF MOTION OBJECTING TO REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Comes Now Plaintiff <u>ALONZO AUSTIN</u>, pursuant to
28 U.S.C. § 636(b)(1)(B) and respectfully Moves
this honorable Court to accepts its Objections
to the aboved mentioned report with recommended
findings of fact and Conclusions of Law (Doc. filed Feb. 16, 07)
and in Support there of offers the following
Objections.

1. Plaintiff object to the word Guardianship
under magistrate(s) "I INTRODUCTION (page 1)
(Doc.#90-1 Date Filed 5/23/07) Report.
When The Complaint (Doc. 2 Filed February 16, 2007)
Plainly stated or used the wording (Illegal Guardianship)
Which was in violation of (26-1-2 Sub paragraph A + B
Code of AL. 1975)

2. Plaintiff Further Objects to plaintiff(s) and his Cousin Ruth H. Lewis, With all Due respect Plaintiff(s) would expect the Magistrate Judge to respect the Legal title entrusted to plaintiff Alonzo Austin, (Agent) or (ATTORNEY-IN-FACT) FOR (PRINCIPAL, Ruth H. Lewis During her life time, And once (principal) deceased thus the Current Legal title (Executor) for Ruth H. Lewis as (testatrix)

3. Plaintiff Objections Continues regarding Magistrate assertion that Principal Ruth H. Lewis Placement in a Nursing Home in 1993 was Part of (Plaintiff(s)) Complaint, in fact thats Statement is in error. The Correct year (1994) See Complaint at Paragraph 22. (April 1994)

4. Objections continues respectfully, Motion to Dismiss by all Defendants Per Count is 13 and only 7 Plaintiff according to magistrates report again (Plaintiff(s) has Served More than 7 Motions for Summary Judgement with Affidavital Support in response to Defendant(s) motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56 Which again With all Due respect can CONVert Defendant(s) 12(b)(6) motion to Dismiss to ONE OF A RULE 56 motion for Summary Judgment.

**5.** That under II STANDARD OF REVIEW sub paragraph 2 The report recognizes Plaintiff Summary Judgement motion in response to Defendant(s) motion to DISMISS HOwever plaintiff objects to the Court error or mistake Omitting Affidavits and Exhibits as support attached to all Plaintiff Rule 56 Motions

6. Plaintiff further Objects to Defendant Retired CIRCUIT JUDGE Howard F Bryan, being classified as a Private Citizen While that maybe the case now he wasn't When the unlawful activities Complained of by Plaintiff(s), as a matter of fact he was the main player in 1994, until Principal Lewis death And he should be held accountable Pursuant to 6-2-32 A

7. That under III DISCUSSION Plaintiff(s) object to magistrate Statement that Private Attorneys, and Court appointed Attorney's are Not Subject to Suit under Section §1983 and Plaintiff Now offer as Support of his position 72 ALR Fed. ATTORNEY'S LIABILITY - §1983 ATTORNEY'S Liability under 42 USCS §1983 For improperly instituting or Pursuing Legal Procedures. See: IN Buller v. Buechler (1983, CA8 SD) 706 F 2d 844, 72 ALR Fed 711, The Court holding in Part Stating While recognizing

That the Defendant attorney's Status as an officer of the court, did Not render his actions to have been under "Color of Law," held that the "joint Participation," of the defendants, with State Officials, in Securing the garnishment was Sufficient to characterize them as "State Actors".

8. Plaintiff under B. Judge Menefee, Objects to magistrate finding. that ALL of the allegations made by Plaintiff against Judge Menefee arises from actions taken by Judge Menefee in his judicial Capacity during Court Proceeding over which he had Jurisdiction. Plaintiff(s) Deny that

9. Plaintiff must again with all Due respect, further CITE Constitutional Law at (Page 392 Federal Supplemen 492) Arrest with out probable Cause is a denial of due Process. U.S.C.A. Const. Amend. 14 which plaintiff experienced See Complaint paragraph 19 for this and other factually Documented orders of probate Judge Menefee Which Can be Accessed by Judicial Notice, for review thus Plaintiff(S) Opposes probate Judge Menefee's Motion to Dismiss including ALL of the Defendant's Named in this Complaint or Cause Characterized as "State Actors" under §1983 and 8 U.S.C. 47 (3) Depriving Plaintiff(S) of Civil Rights Liberties and Immunities, Due Process 14th Amendment Rights and Constitinal Rights... and Property!!!

10. Plaintiff(s) Final Objection to Magistrates Granting all the defendant's 12(b)(6) motions to Dismiss rather than Converting said motion into a motion For Summary Judgement pursuant to Federal Rule of Civil Procedure 56(e) given the Facts that Plaintiff has filed Rule 56(e) motion in response to all Defendant(s) Motion to Dismiss with accompanying Affidavits, and exhibits.

WHEREFORE PREMISES CONSIDERED Plaintiff(s) prays that ALL OF THE Defendants Motion to DISMISS be Converted into Summary Judgements this allows for Discovery to be had as cases are Adjudicated on the merits.

Respectfully Submitted,
by Alonzo Austin, Prose

CERTIFICATE OF SERVICE

I Certify that I have served a copy of the foregoing Documents upon the Defendants

Alonzo Austin
1321 oliver Carlis Rd
Tuskegee, Al. 36083
Ph # (334) 727-5476

Spain and Gillion, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham AL 35203

by depositing same in the united States mail postage pre paid on the 5th day of June, 2007.

by Alonzo Austin Prose

Alonzo Austin, Prose