IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, executor for the estate of Ruth H. Lewis, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 3:07cv138-MHT (WO) |
| MODERN WOODMEN OF AMERICA, *et al.*, ) ) ) ) | |
| Defendants. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed February 16, 2007).[1]

### I. INTRODUCTION

On May 23, 2007, this Court issued a Report and Recommendation which recommended the case be dismissed. *See* Doc. 90. On June 5, 2007, Alonzo Austin ("Austin" or "Plaintiff"), a *pro se* plaintiff, filed objections to the Report and Recommendation. *See* Doc. 93. After careful review of the Plaintiff's objections, the Court issues this supplemental report and recommendation relating specifically to Defendant Howard F. Bryan. In footnote 3 on page 2 of the Report and Recommendation, the Court

---

[1] The case was originally referred to Magistrate Judge Wallace Capel Jr. On March 15, 2007, the case was reassigned to Magistrate Judge Charles S. Coody. On May 17, 2007, it was reassigned to the undersigned.

found "[s]ervice was attempted but not perfected on this individual. Thus, Bryan is not considered a party to this action. Moreover, it is clear that Bryan is a private individual and not subject to suit in this 1983 action. Moreover, the claims against Bryan are barred by the statute of limitations. *See* 28 U.S.C. section 1915(e)(2)(B)(i)." Subsequent to the filing of the Report and Recommendation (Doc. 90), Defendant Bryan submitted a Motion to Quash Service (Doc. 91, filed May 23, 2007). Clearly Defendant Bryan is aware a lawsuit has been filed against him.

## II. DISCUSSION

All of the allegations made by the plaintiff against Judge Bryan arise from actions taken by Judge Bryan in his judicial capacity during court proceedings over which he had jurisdiction. The law is well established that a circuit court judge is entitled to absolute immunity from suit under 42 U.S.C. § 1983 for acts taken pursuant to his judicial authority. *See Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978); *see also Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). As one acting in his judicial capacity, Judge Bryan would be entitled to judicial immunity. *Id*. Thus, Plaintiff's claims are due dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against the Defendant Howard F. Bryan be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (ii) as he is entitled to absolute judicial immunity.

2. The Motion to Quash Service filed by Howard F. Bryan be **DENIED as moot**. (Doc. No. 91.)

3. This case be **DISMISSED**.

4. Any remaining outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **June 25, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE