Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

---

August 06, 2008

**Appeal Number: 07-13843-BB**
Case Style: Alonzo Austin v. Modern Woodman of America
District Court Number:  07-00138 CV-3-MHT-TFM

TO:    Debra P. Hackett

CC:    Alonzo Austin

CC:    Charles D. Stewart

CC:    George W. Royer, Jr.

CC:    Jack B. Hinton, Jr.

CC:    S. Mark Dukes

CC:    Kimberly Owen Fehl

CC:    John Michael Manasco

CC:    Bettie J. Carmack

CC:    Stanley Fitzgerald Gray

CC:    Jon Howard Patterson

CC:    Victor L. Hayslip

CC:    William H. Brittain, II

CC:    Pamela B. Slate

CC:    James Flynn Mozingo

CC:    Howard F. Bryan

CC:   Deborah H. Biggers

CC:   Administrative File

# United States Court of Appeals

## For the Eleventh Circuit

No. 07-13843

District Court Docket No.
07-00138-CV-3-MHT-TFM

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 2, 2008

THOMAS K. KAHN
CLERK
```

ALONZO AUSTIN, Executor for
the estate of Ruth H. Lewis,

        Plaintiff-Appellant,

versus

MODERN WOODMAN OF AMERICA,
ALFONZA MENEFEE, Probate Judge, in his
individual and official capacities,
HOWARD F. BRYAN, Circuit Judge, in his
individual and official capacities,
DEBORAH H. BIGGERS, Attorney, in her
individual and official capacities,
FRED GRAY, SR., Attorney, in his
individual and official capacities,
et al.,

        Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
------------------------------------------------------------------

## J U D G M E N T

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

```
ISSUED AS MANDATE
AUG 0 6 2008
U.S. COURT OF APPEALS
ATLANTA, GA.
```

Entered:    May 2, 2008
For the Court:    Thomas K. Kahn, Clerk
        By:    Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13843
Non-Argument Calendar

_____

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK
```

D. C. Docket No. 07-00138-CV-3-MHT-TFM

ALONZO AUSTIN, Executor for
the estate of Ruth H. Lewis,

Plaintiff-Appellant,

versus

MODERN WOODMAN OF AMERICA,
ALFONZA MENEFEE, Probate Judge, in his
individual and official capacities,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 2, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Alonzo Austin, an individual proceeding pro se on behalf of his cousin's estate, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against various defendants.[1]  As executor of his cousin's estate, Austin asserts that various individuals and entities–among them, an Alabama probate court judge, several attorneys, the state medical licensing board, and several banks–violated his cousin's Fourteenth Amendment rights in connection with her guardianship and housing and, ultimately, the distribution of her property upon her death in 1994.

On appeal, Austin argues that the district court erred by not construing the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as motions for summary judgment pursuant to Rule 56(e).  He asserts this error caused him harm because had the district court decided the case under the summary judgment standard, two of the defendants, Judges Menefee and Bryan, would have been required to "prove absolute or qualified immunity."  Austin also finds error in the district court's failure to consider his motion for summary judgment; he asserts that the court should have taken his allegations as true and that there was a disputed genuine issue of material fact at the Rule 12(b)(6) stage. Additionally, on appeal, Austin appears to argue the merits of the underlying probate proceedings out of which this § 1983 action arose.

---

[1] The several motions by several appellees to adopt other appellee briefs are granted.

2

We review <u>de novo</u> an order granting motions to dismiss. <u>Wagner v. First</u>

<u>Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273, 1276-77 (11th Cir. 2006). In

reviewing a district court's grant of a motion to dismiss, the allegations in the

complaint "must be taken as true and read in the light most favorable to the

plaintiffs." <u>Linder v. Portocarrero</u>, 963 F.2d 332, 334 (11th Cir. 1992).

"A court is generally limited to reviewing what is within the four corners of

the complaint on a motion to dismiss." <u>Bickley v. Caremark RX, Inc.</u>, 461 F.3d

1325, 1329 n.7 (11th Cir. 2006). Under Federal Rule of Civil Procedure 12(d),

"[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are

presented to and not excluded by the court, the motion must be treated as one for

summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (2008). "Whenever a

judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is

thereby converted into a Rule 56 Summary Judgment motion." <u>Trustmark Ins. Co.</u>

<u>v. ESLU, Inc.</u>, 299 F.3d 1265, 1267 (11th Cir. 2002).

After careful review, we discern no reversible error. Although the parties'

motions had affidavits, the record demonstrates that the district court did not

consider matters outside the pleadings. The magistrate's report and

recommendation, which was adopted by the district court, only considered the

"face of Austin's complaint" when issuing its recommendation. The district court

3

therefore did not err when it failed to treat the defendants' motions to dismiss as motions for summary judgment. <u>See</u> <u>Bickley</u>, 461 F.3d at 1329 n.7; <u>Trustmark Ins. Co.</u>, 299 F.3d at 1267. Because this is the only issue raised on appeal,[2] and Austin has abandoned all other issues, the district court's order dismissing Austin's claims against the defendants is

AFFIRMED.[3]

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[2] We observe that the district court dismissed Appellant's complaint on grounds of, <u>inter alia</u>, absolute judicial immunity, state sovereign immunity, and for want of a state actor. Appellant has not challenged the substance of this ruling. Issues not raised on appeal are deemed waived. <u>See</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Even were we able to construe Appellant's brief to present such a challenge, we find no reversible error.

[3] Two of the defendants, Regions Bank and Wachovia Bank, move this Court for sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912. The motion is denied. There is no indication in the record that Appellant's inartful complaint (and appeal) was made for purposes of harassment or delay. Nor is there any indication that Appellant has been litigious, or has filed multiple frivolous actions.